IN THE UNITED STATES DISCRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **DESTINY KENNEDY, On behalf of herself and all other Georgia citizens similarly situated**, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CIVIL ACTION 1:24-cv-02184-TWT |
| **VGW HOLDINGS LIMITED, VGW MALTA LIMITED, VGW LUCKYLAND INC., and VGW GP LIMITED,** | ) ) ) ) ) ) | |
| Defendants. | ) | |

## MOTION TO REMAND OR IN THE ALTERNATIVE TO CONDUCT LIMITED JURISDICTIONAL DISCOVERY AND MEMORANDUM

Pursuant to Fed. R. Civ. P. 26(b), Plaintiff Destiny Kennedy on behalf of herself and all other similarly situated Georgia citizens, (also known as Kennedy) moves the Court to remand this case to the Fulton County Georgia Superior Court or in the alternative for an order allowing Plaintiffs to take limited jurisdictional discovery of the Defendants.  In support of this motion, Kennedy states as follows:

### STATEMENT OF FACTS AND PROCEDURE

1. On or around March 7, 2024, Plaintiff Destiny Kennedy filed the action against the Defendants above collectively called the VGW Group in the Superior Court of Fulton County, Georgia, Case No. 24-cv-002780.

2. The Defendants waived service of the summons and complaint on or about April 24, 2024.

3. On or about May 17, 2024, the Defendants filed a Notice of Removal and moved the case to this Court.

## MEMORANDUM

**Defendants have not satisfied all jurisdictional requirements.** Defendants refer to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2) as a basis to remove the matter filed as a class action in state court to this federal court. As correctly alluded to in Defendants' Notice of Removal, a class action may be removed from state court to federal court when minimal diversity exits, the matter in controversy exceeds $5,000,000, and the purported class has at least 100 members. Defendants have in their moving papers stated that "there are at least 100 players in Georgia who made a purchase . . . during the Relevant Time Period." See Notice of Removal, (ECF 1), and Thunder Declaration ECF 1-1. However, this claim cannot be verified without the Court granting Plaintiffs limited jurisdictional discovery.

Furthermore, the Defendants refer to "purchases" aggregated to meet the monetary jurisdictional requirement.  However, the language contained in the Georgia statute at issue, O.C.G.A.§ 13-8-3 (b) refers to losses not purchases. ("Money paid . . . upon a gambling consideration may be recovered from the winner by the **loser** by institution of an action . . ..."   The words purchase and loss are not interchangeable. The fact that Georgia players made purchases does not mean that all the purchases became losses, withing the meaning of O.C.G.A. § 13-8-3 (b). Again, this crucial jurisdictional claim cannot be verified without the Court granting Plaintiffs limited jurisdictional discovery.

If these statements regarding the number of gamblers and the amount of money lost are not correct, this Court does not have jurisdiction and the case would have to be returned to the Superior Court of Fulton County, Georgia.  If the Court opines that remand is not appropriate, Plaintiff requests that the Court issue an order granting Plaintiff permission to conduct limited discovery of the Defendants for the purpose of verifying that the requirements of the removal statutes have been satisfied.  *See Vorbe v. Morrisseau*, No. 1:14-CV-20751, 2014 WL 12637924 (S.D. Fla. April 27, 2014); *Kolb v. Daruda*, 350 Ga. App. 642 (Ga. 2019); and Funez v. CMI Leisure Management, Inc. 482 F. Supp. 3d 1252 (S.D. Fla, 2020).

## Conclusion

WHEREFORE, for the reasons discussed, Plaintiff respectfully requests that the Court Remand the case to the Superior Court of Fulton County, Georgia or in the alternative to grant its motion to conduct limited jurisdictional discovery of the Defendants.

## Certification

Counsel for Plaintiff conferred with opposing counsel via email on June 12, 2024. The Defendants oppose this motion.

Date: June 13, 2024                     Respectfully submitted,

**/s/ Barry Williams**

Barry Williams
P.O. Box 1483
Villa Rica, Georgia 30180
Georgia Bar No. 538108
Email: advocatedib@gmail.com
Attorney for Plaintiff

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 13th day of June 2024, I served by email and I electronically filed the foregoing with the Clerk of the Court by using the CMECF system which will serve a copy of the foregoing by e-mail to Defendants' counsel, Michael A. Sullivan at msullivan@finchmccranie.com, Gregory D. Beaman (pro hac vice) at gbeaman@orrick.com, and Behnam Dayanim (pro hac vice), at Bdayanim@orrick.com

                                         **/s/ Barry Williams**

                                         Barry Williams
                                         P.O. Box 1483
                                         Villa Rica, Georgia 30180
                                         Georgia Bar No. 538108
                                         Email: advocatedib@gmail.com
                                         Attorney for Plaintiffs