IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DESTINY KENNEDY,<br>On behalf of herself and all<br>Other Georgia citizens similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VGW HOLDINGS LIMITED, VGW<br>MALTA LIMITED, VGW<br>LUCKYLAND INC., and VGW GP<br>LIMITED,<br><br>Defendants. | CIVIL ACTION NO.<br>1:24-cv-02184-TWT |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION TO REMAND, OR IN THE ALTERNATIVE, TO
CONDUCT LIMITED JURISDICTIONAL DISCOVERY**

Defendants VGW Holdings Ltd., VGW Malta Ltd., VGW Luckyland Inc., and VGW GP Ltd. ("VGW"), submit this opposition to Plaintiff's motion to remand, or in the alternative, to conduct limited jurisdictional discovery [Doc. 11].

**PRELIMINARY STATEMENT**

Plaintiff's motion should be denied. This Court has subject matter jurisdiction over this putative class action under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2), because (1) Plaintiff seeks to certify a class of at least 100 Georgia residents who spent money playing VGW's games; (2) minimal diversity

of citizenship exists; and (3) the amount in controversy exceeds $5 million, exclusive of interest and costs. This is **uncontroverted**. But even if there were any doubt (there is not), the "CAFA's language favors federal jurisdiction over class actions," and "all doubts" are to be "resolved 'in favor of exercising jurisdiction over the case.'" *Evans v. Walter Indus., Inc.,* 449 F.3d 1159, 1163 (11th Cir. 2006) (citation omitted). There is simply no basis whatever for remand. Plaintiff's motion should be denied.

## STATEMENT OF FACTS

VGW specializes in the development and publication of online casino-themed social games on platforms called *Luckyland Slots*, *Chumba Casino*, and *Global Poker* (collectively, the "Games"). *See* Compl. ¶ 15. Plaintiff alleges that users are given an initial free allotment of virtual coins to play the Games (*id.* ¶¶ 23, 44), but users inevitably end up purchasing more virtual coins because it is "difficult" for users to play the Games "without purchasing" more coins (*id.* ¶ 25).

Plaintiff alleges that she "lost approximately $1,150" playing the Games between September 7, 2023, and December 3, 2023. *Id.* ¶ 11. Plaintiff contends that the Games are unlawful "gambling" (*id.* ¶¶ 62, 81-85),[1] and seeks to recover on behalf of herself and a putative class of Georgia citizens all amounts that she and all other Georgia players spent on the Games between September 7, 2023, and

---

[1] VGW denies that its Games are unlawful, but that issue is not relevant here.

March 7, 2024 (the "Relevant Time Period"), ostensibly pursuant to O.C.G.A. § 13-8-3(b) (*id*. ¶¶ 98, 107-111 and at 41-42). That statute provides, in relevant part, that "[m]oney paid or property delivered upon a gambling consideration may be recovered from the winner by the loser by institution of an action for the same within six months after the loss[.]" O.C.G.A. § 13-8-3(b).

Plaintiff filed her putative class action complaint in Georgia state court on or about March 7, 2024. *See* Doc. 1 ¶ 1. VGW waived service of the complaint on April 24, 2024, and timely removed the action to this Court on May 17, 2024. *Id*. Plaintiff filed the instant motion to remand on June 13, 2024. *See* Doc. 11.

## **LEGAL STANDARD**

"Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010) (quotations and citations omitted). The removing defendant "may introduce [its] own affidavits, declarations, or other documentation" to establish the amount in controversy. *Id*. at 755; *see also id*. at 756 (CAFA amount in controversy requirement satisfied where "complaint seeks a refund of all of the plaintiffs' deposits, and the [defendant's] declaration by itself establishes that the plaintiffs have deposited more than" $5 million). As the

Eleventh Circuit reiterated in *Pretka,* the defendant may submit additional evidence in response to a motion for remand, to rebut the plaintiff's arguments and establish that the jurisdictional elements for removal are satisfied. *Id.* at 773-74.

## ARGUMENT

**I.    This Court Has Subject Matter Jurisdiction Under the CAFA**

The CAFA vests this Court with "original jurisdiction" over any putative class action in which (1) there are at least 100 putative class members; (2) any member of the putative class is a citizen of a state different from any defendant; and (3) the amount in controversy exceeds $5 million, exclusive of interest and costs. *See* 28 U.S.C. §§ 1332(d)(2), (d)(5); *see also S. Fla. Wellness, Inc. v. Allstate Ins. Co.,* 745 F.3d 1312, 1315 (11th Cir. 2014) (citing 28 U.S.C. §§ 1332(d)(2), (5)-(6)).

VGW submitted with its notice of removal a declaration from its General Counsel, Michael Thunder, who testified that (1) VGW Luckyland, Inc. is a Delaware corporation with its principal place of business in Delaware (Doc. 1-1 ¶ 3); (2) there are "more than 100 Georgia users who made a purchase in [the] Games during the [Relevant Time Period]" (*id.* at ¶ 9); and (3) "[t]he total amount of in-game purchases by all Georgia users of [the] Games during the Relevant Time Period exceeds $5,000,000" (*id.*). Mr. Thunder's testimony is ***uncontroverted***. Therefore, the requirements for CAFA jurisdiction are clearly met, and remand is unwarranted.

Plaintiff's only argument for remand relates to the amount in controversy. Plaintiff appears to argue that Mr. Thunder's testimony is insufficient to establish that the amount in controversy exceeds $5 million because it refers to the amount of in-game "*purchases*" by Georgia players during the Relevant Time Period, whereas Plaintiff seeks recovery of Georgia players' "*losses*," not "purchases." Doc. 11 at 3. Plaintiff is playing semantics and misrepresenting the relief sought in her complaint.

It is worth noting that this Court recently rejected the exact same "purchases" vs. "losses" argument in an identical class action that Plaintiff's counsel brought against VGW on behalf of an anonymous player. This Court reasoned as follows:

> Turning to the amount in controversy, the Plaintiff contends that the $5,000,000 threshold is not met because he seeks compensation only for *losses* sustained and not merely for all purchases made by class members on VGW games. But as VGW points out, such a contention runs contrary to the Plaintiff's own allegations in his Complaint. He alleges that "all of Defendants' gambling operations, agreements, and funds [they have] received from Plaintiff and the Class are void and subject to refund or return to Plaintiff and the Class in order to reimburse Plaintiff and the Class for their losses during the preceding six months." Thus, VGW's declaration supporting the total purchase amounts by VGW users in Georgia during the relevant time periods appropriately reflects the amount that the Plaintiff seeks to recover.

*Doe v. VGW Malta Ltd.*, No, 1:23-CV-3226-TWT, 2023 WL 8234650, at *2 (N.D. Ga. Nov. 28, 2023) (emphasis in original).

5

The same result is required here. As in the *Doe* action, the complaint here expressly states that "Plaintiff requests a judgment against [VGW] for ***all money paid or property delivered to [VGW]***" by all Georgia players during the Relevant Time Period. Compl. at 41-42 (emphasis added). That amount exceeds $5 million, as Mr. Thunder testified in his ***uncontroverted*** declaration. Doc. 1-1 ¶ 9.

Moreover, throughout the complaint, it is plain that Plaintiff equates "purchases" with the alleged "losses" she seeks to recover. For example:

- Plaintiff alleges that she "lost" $500 on *Chumba Casino* over two days on September 7 and 12, 2023. Compl. ¶ 11. VGW's business records confirm Plaintiff made $500 in purchases on *Chumba Casino* over those two days. *See* Declaration of Michael Thunder in Support of Defendants' Opposition to Plaintiff's Motion to Remand, dated June 26, 2024 ("Supplemental Thunder Decl.") ¶ 4.a.

- Plaintiff alleges that she "lost" $449.95 on *Luckyland Slots* on September 12, 2023. Compl. ¶ 11. VGW's business records confirm Plaintiff made $449.95 in purchases on *Luckyland Slots* on September 12, 2023. *See* Supplemental Thunder Decl. ¶ 4.b.

- Plaintiff alleges that she "lost" $200 on *Global Poker* on December 3, 2023. Compl. ¶ 11. VGW's business records confirm Plaintiff made $200 in purchases on *Global Poker* on December 3, 2023. *See* Supplemental Thunder Decl. ¶ 4.c.

Thus, Plaintiff's disingenuous attempt to distinguish between "purchases" and "losses" for the purpose of avoiding this Court's jurisdiction should be rejected.

In short, this Court has CAFA jurisdiction over this putative class action because (1) there is minimal diversity of citizenship, (2) there are at least 100 Georgia players who made an in-game purchase during the Relevant Time Period, and (3) total in-game purchases by Georgia players during the Relevant Time Period exceed $5 million. Plaintiff has not offered a shred of evidence to rebut any of these elements of CAFA jurisdiction. Therefore, the motion to remand should be denied.

## II.     Plaintiff's Request for Jurisdictional Discovery Should Be Denied

Plaintiff ***does not dispute*** Mr. Thunder's testimony that there are more than 100 Georgia players who made a purchase, and total purchases by Georgia players exceeded $5 million, during the Relevant Time Period. Doc. 11 at 2-3. Instead, Plaintiff baldly states that Mr. Thunder's testimony "cannot be verified without the Court granting Plaintiffs [*sic*] limited jurisdictional discovery." *Id*. at 2. But Plaintiff has not identified ***any*** information that contradicts or otherwise calls into question Mr. Thunder's testimony, nor has she identified what discovery she would seek.

Plaintiff's request for discovery to "verify" information that she does not dispute and has offered no reason to doubt should be denied. *See*, *e.g.*, *Michelle's Rest. of Georgetown, Inc. v. Advanced Disposal Servs., Inc.*, No. 4:13–CV–488 (CDL), 2014 WL 824211, at *2 (M.D. Ga. Mar. 3, 2014) (denying motion to remand or for jurisdictional discovery where defendants have "shown by a preponderance of

the evidence that the amount in controversy exceeds $5,000,000 and that the other requirements for federal jurisdiction pursuant to CAFA have been met," and plaintiffs offered no evidence to the contrary); *PKY 3060 Peachtree, LLC v. Metzler One Buckhead Plaza, LP*, No. 1:15-CV-04094-LMM, 2016 WL 11951908, at *2 (N.D. Ga. Apr. 14, 2016) (denying motions to remand and for jurisdictional discovery where defendants met their initial burden and "[p]laintiffs do not offer any conflicting jurisdictional information"); *Kelly v. State Farm Mut. Auto. Ins. Co.*, No. 5:10–cv–194–Oc–32GRJ, 2010 WL 9888731, at *8 (M.D. Fla. Sept. 23, 2010) (denying motion for jurisdictional discovery where defendant established $5 million amount in controversy with a declaration from its executive).[2]

---

[2] None of the cases on which Plaintiff relies supports allowing jurisdictional discovery here, as those cases all involved factual disputes regarding contacts with the forum state for purposes of long-arm jurisdiction. *See Vorbe v. Morisseau*, No. 1:14-CV-20751-GOODMAN, 2014 WL 12637924, at *2-5 (S.D. Fla. Aug. 27, 2014) (permitting defendant to take "extremely limited" discovery into whether the plaintiff was a Florida resident, where defendant argued that Florida long-arm statute only applied to protect Florida citizens and plaintiff was a Haitian national); *Kolb v. Daruda*, 350 Ga. App. 642, 645-46 (2019) (granting jurisdictional discovery under O.C.G.A. § 9-11-12(j), which expressly grants plaintiffs an automatic right to limited jurisdictional discovery where defendant moves to dismiss for lack of long-arm jurisdiction); *Funez v. CMI Leisure Mgmt., Inc.*, 482 F. Supp. 3d 1252, 1255 (S.D. Fla. 2020) (granting jurisdictional discovery for purposes of long-arm jurisdiction).

8

## **CONCLUSION**

For the reasons set forth above, Plaintiff's motion to remand, or in the alternative, to conduct limited jurisdictional discovery should be denied.

Dated: June 27, 2024          Respectfully submitted,

|  |  |
|---|---|
| OF COUNSEL: | */s/ Michael A. Sullivan*<br>Michael A. Sullivan<br>Georgia Bar No. 691431 |
| Behnam Dayanim (*pro hac vice*)<br>Orrick, Herrington & Sutcliffe LLP<br>2100 Pennsylvania Avenue NW<br>Washington, D.C. 20037<br>Tel: (202) 339-8613<br>bdayanim@orrick.com | Nicole Archambault<br>Georgia Bar No. 222686<br>FINCH McCRANIE, LLP<br>229 Peachtree St. NE, Suite 2500<br>Atlanta, GA 30303<br>Tel: (404) 658-9070<br>msullivan@finchmccranie.com<br>narchambault@finchmccranie.com |
| Gregory D. Beaman (*pro hac vice*)<br>Orrick, Herrington & Sutcliffe LLP<br>51 West 52nd Street<br>New York, NY 10019-6142<br>Tel: (212) 506-5000<br>gbeaman@orrick.com | *Attorneys for Defendants* |

## CERTIFICATE OF SERVICE

I hereby certify that I have on this date served the within and foregoing by efiling using the Court's electronic filing system, which will automatically forward a copy to counsel of record in this matter.

This 27th day of June, 2024.

/s/ *Michael A. Sullivan*
Michael A. Sullivan
Georgia Bar No. 691431
Nicole Archambault
Georgia Bar No. 222686
FINCH McCRANIE, LLP
229 Peachtree St. NE, Suite 2500
Atlanta, GA 30303
Tel: (404) 658-9070
msullivan@finchmccranie.com
narchambault@finchmccranie.com

*Attorneys for Defendants*