IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DESTINY KENNEDY, | ) | |
| On behalf of herself and all | ) | |
| Other Georgia citizens similarly situated, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 1:24-cv-02184-TWT |
| VGW HOLDINGS LIMITED, VGW | ) | |
| MALTA LIMITED, VGW | ) | |
| LUCKYLAND INC., and VGW GP | ) | |
| LIMITED, | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS' RESPONSE TO PLAINTIFF'S REQUEST FOR LEAVE TO FILE NOTICE OF SUPPLEMENTAL AUTHORITY

Defendants VGW Holdings Ltd., VGW Malta Ltd., VGW Luckyland Inc., and VGW GP Ltd. ("VGW Group"), hereby respond to Plaintiff's Request for Leave to File Notice of Supplemental Authority [Doc. 16] ("Notice") as follows:

1.  Plaintiff seeks leave to submit as supplemental authority a decision from a Tennessee federal court remanding for lack of subject matter jurisdiction various cases brought against certain VGW Group entities and affiliates, as well as other companies offering casino-themed online or mobile social games, under

1

Tennessee Code § 29-19-105. *See* Notice at 1-2. Plaintiff claims that the Tennessee federal court's decision "will be helpful to this Court in resolving the Motion to Remand" that Plaintiff filed in this case. *Id*. at 2. The decision is not relevant here.

2. The Tennessee plaintiffs brought suit under Tennessee Code § 29-19-105, which states that if a losing gambler does not bring suit to recover his losses, "any other person" may sue to recover that loser's losses "***for the use of the spouse; or, if no spouse, the child or children; and, if no child or children, the next of kin of the loser***." Tenn. Code § 29-19-105 (emphasis added). The plaintiffs sought to recover all amounts spent by nearly everyone in Tennessee who played the defendants' online games. Unlike Plaintiff here, the Tennessee plaintiffs ***did not purport to bring the actions as class actions***; rather, they purported to bring them as ***individual*** actions in which they sought to recover players' alleged losses "for the use of" the players' family members under the Tennessee statute. The defendants argued that the court nonetheless had subject matter jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2), because the actions were, in substance, "class actions" within the meaning of the CAFA.

3. The court remanded the cases to state court because it determined that it lacked subject matter jurisdiction under the CAFA. *See* Notice, Ex. A § III.B.[1] The court concluded that an action brought under Tennessee Code § 29-19-105 is not a "class action" under the CAFA because the Tennessee statute does not require the "any other person" plaintiff to satisfy the elements of Federal Rule of Civil Procedure 23, *i.e.*, numerosity, commonality, typicality, and adequacy. *Id.* (The VGW Group defendants and several others have petitioned for permission to appeal that ruling pursuant to 28 U.S.C. § 1453(c)(1).)

4. Here, by contrast, Plaintiff purports to have brought this suit as a ***class action*** under O.C.G.A. § 13-8-3(b), which states, in pertinent part, that anyone who loses money on an unlawful gambling transaction may sue to recover his or her losses from the winner within six months of the loss. *See* O.C.G.A. § 13-8-3(b) ("Money paid or property delivered upon a gambling consideration may be recovered from the winner by the loser by institution of an action for the same within six months after the loss[.]"). Indeed, Plaintiff states in the first sentence of her complaint that she "brings this action ***on behalf of herself and all other citizens of the State of Georgia similarly situated***." Doc. 1-2 at 1 (emphasis added); *see also*

---

[1] The court also concluded that it lacked diversity jurisdiction under 28 U.S.C. §1332(a), but VGW Group does not contend that this Court has diversity jurisdiction here. VGW Group removed this putative class action under the CAFA.

*id*. ¶ 13 (alleging that "Plaintiff is also authorized to bring this action *on behalf of other similarly situated Georgia citizens* who have gambled on VGW websites") (emphasis added). The cover page of the complaint also states in bold and all caps: "**CLASS REPRESENTATION**." *Id*. at 1 (emphasis in original). The complaint also defines the putative class that Plaintiff seeks to represent: "Plaintiff seeks to sue VGW and Plaintiff seeks to *represent a class* defined as and limited to all citizens of the state of Georgia who suffered losses of money on Chumba Casino, Global Poker, or LuckyLand Slots and VGW during the applicable limitations period (hereafter the citizens of the state of Georgia are also referred to as the 'Class')." *Id*. ¶ 98 (emphasis added). The complaint also contains an entire section of "**CLASS REPRESENTATION ALLEGATIONS**" in which Plaintiff alleges that the Rule 23 class action requirements of "**Numerosity**," "**Commonality and Predominance**," "**Typicality**," "**Adequacy of Representation**," and "**Superiority**" are satisfied. *Id*. ¶¶ 98-105 (emphasis in original). Finally, the complaint seeks to "recover all losses that [Plaintiff] suffered *and those losses suffered by the Class*, the other citizens of Georgia" over the six months preceding the filing of the complaint. *Id*. ¶ 109 (emphasis added).

5.  As discussed above, in VGW Group's notice of removal, and in VGW Group's opposition to Plaintiff's motion to remand, this Court has CAFA

jurisdiction over this action because this action is pled as a class action, there is minimal diversity of citizenship between the parties, there are at least 100 putative class members, and the amount in controversy exceeds $5 million. *See* Doc. 1 ¶¶ 12-15; *see also* Doc. 13 at 4-7. The motion to remand should therefore be denied.

Dated: October 10, 2024

OF COUNSEL:

Gregory D. Beaman (*pro hac vice*)
Orrick, Herrington & Sutcliffe LLP
51 West 52nd Street
New York, NY 10019-6142
Tel: (212) 506-5000
gbeaman@orrick.com

Behnam Dayanim (*pro hac vice*)
Orrick, Herrington & Sutcliffe LLP
2100 Pennsylvania Avenue NW
Washington, D.C. 20037
Tel: (202) 339-8613
bdayanim@orrick.com

Respectfully submitted,

*/s/ Michael A. Sullivan*
Michael A. Sullivan
Georgia Bar No. 691431
Nicole Archambault
Georgia Bar No. 222686
FINCH McCRANIE, LLP
229 Peachtree St. NE, Suite 2500
Atlanta, Georgia 30303
Tel: (404) 658-9070
msullivan@finchmccranie.com
narchambault@finchmccranie.com

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of October 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.  I also hereby certify a copy of the foregoing document was served on counsel of record for Plaintiff, listed below, via email:

    Barry Williams, Esq.
    P.O. Box 1483
    Villa Rica, Georgia 30180
    Email: advocatedib@gmail.com

    *Counsel for Plaintiff*

    */s/ Michael A. Sullivan*
    Michael A. Sullivan
    Georgia Bar No. 691431
    Nicole Archambault
    Georgia Bar No. 222686
    FINCH McCRANIE, LLP
    229 Peachtree St. NE, Suite 2500
    Atlanta, Georgia 30303
    Tel: (404) 658-9070
    msullivan@finchmccranie.com
    narchambault@finchmccranie.com

    *Attorneys for Defendants*