IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DESTINY KENNEDY, on behalf of
herself and all others similarly
situated,

     Plaintiff,

         v.

VGW Holdings Limited, et al.,

     Defendants.

CIVIL ACTION FILE
NO. 1:24-CV-2184-TWT

## OPINION AND ORDER

This is an action to recover financial losses from virtual gambling. It is before the Court on the Plaintiff Destiny Kennedy's Motion to Remand and Motion for Discovery [Doc. 11]. For the reasons set forth below, the Plaintiff's Motion to Remand and Motion for Discovery [Doc. 11] is DENIED.

### I.  Background

The Plaintiff initiated this action in the Superior Court of Fulton County on March 7, 2024 to recover financial losses pursuant to O.C.G.A. § 13-8-3, which she sustained playing the Defendants' online casino games. (Compl. [Doc. 1-2] ¶¶ 11-12, 106-110). The Plaintiff seeks to represent a class of Georgia citizens who suffered financial losses playing the Defendants' online casino games. (Compl. ¶¶ 99-105). The Defendants removed the action to this Court on May 17, 2024 and the Plaintiff filed the Motion to Remand that is presently

before the Court on June 13, 2024.[1]

## II. Legal Standards

Federal courts are courts of limited jurisdiction; they may only hear cases that the Constitution and Congress have authorized them to hear. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). An action originally brought in state court may be removed by a defendant to federal court when the action satisfies the constitutional and statutory requirements for original federal jurisdiction. *See* 28 U.S.C. § 1441. Because of the limited authority of federal courts, "removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). When no federal question exists, diversity jurisdiction can be invoked under 28 U.S.C. 1332(a) where complete diversity exists among the parties and the amount in controversy exceeds $75,000. "[I]n removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists." *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001). In determining whether the removing party has carried that burden,

---

[1] The Court has also read and considered the Plaintiff's Motion for Leave to File Notice of Supplemental Authority [Doc. 16], which will be denied. The Plaintiff may not raise her argument about the non-aggregation doctrine for the first time in a supplement to her motion to remand. *See In re Egidi*, 571 F.3d 1156, 1163 (11th Cir. 2009) ("Arguments not properly presented in a party's initial brief or raised for the first time in the reply brief are deemed waived.").

> the district court has before it only the limited universe of evidence available when the motion to remand is filed—i.e., the notice of removal and accompanying documents. If that evidence is insufficient to establish that removal was proper or that jurisdiction was present, neither the defendants nor the court may speculate in an attempt to make up for the notice's failings.

*Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1214-1215 (11th Cir. 2007).

## III. Discussion

The Plaintiff notes that the Defendants have cited the Class Action Fairness Act ("CAFA") as the basis for removal to this Court and argue that the Defendants' claim in their Notice of Removal that "there are at least 100 players in Georgia who made a purchase . . . during the Relevant Time Period" cannot be verified without first conducting limited jurisdictional discovery to ensure removal was proper. (Pl.'s Mot. to Remand, at 2). The Plaintiff further contends that the Defendants refer to aggregated "purchases" to meet the jurisdictional amount in controversy, but O.C.G.A § 13-8-3 refers to losses rather than purchases, and not all purchases on the Defendants' platforms would have resulted in losses. (*Id.* at 3). The Plaintiff thus requests remand or, in the alternative, limited jurisdictional discovery to determine whether the removal complied with 28 U.S.C. § 1332(d)(2). (*Id.*).

The Defendants oppose the Motion, arguing that the notice of removal they filed demonstrates that this Court has jurisdiction under CAFA. (Def.'s Resp. in Opp. to Mot. to Remand, at 4). The Defendants argue that this Court recently rejected the Plaintiff's very same purchases vs. losses argument and

3

that the same conclusion is required here. (*Id.* at 5-6 (citing *Doe v. VGW Malta, Ltd.*, 2023 WL 8234650, at *2 (N.D. Ga. Nov. 28, 2023)). Specifically, the Defendants contend that just as in *Doe*, the Plaintiff here seeks a judgment for "all money paid or property delivered to [VGW]" by Georgia users during the relevant time period and that its records confirm the Plaintiff's purchases as noted in the Complaint were equal to her losses. (*Id.* at 6-7 (citing Compl. ¶ 9)). Additionally, the Defendants argue that jurisdictional discovery is not warranted because the Plaintiff has not identified any information that contradicts Mr. Thunder's declaration and has no ground on which to dispute its contents. (*Id.* at 7-8).

In a declaration attached to the notice of removal, Michael Thunder, the general counsel of VGW Holdings Ltd. stated that he reviewed purchase data and confirmed that (1) there are more than 100 Georgia users of the Defendants' platforms who made purchases in the Defendants' games between September 7, 2023, and March 7, 2024 (the "relevant time period"), and (2) the total amount of in-game purchases by all Georgia users during that time period exceeded the $5,000,000 jurisdictional threshold. (Thunder Decl. ¶¶ 1, 9 [Doc. 1-1]).

Under CAFA, the district courts have original jurisdiction over any civil action where: (1) the amount in controversy exceeds $5,000,000; (2) any member of the class of plaintiffs is a citizen of a different state from any

4

defendant; (3) the action involves monetary claims of at least 100 or more plaintiffs; and (4) the plaintiffs' claims involve common questions of law or fact. 28 U.S.C. § 1332(d)(2), (d)(11)(B)(i); *see also Lowery*, 483 F.3d at 1202-03. In *Lowery*, the Eleventh Circuit explained that in the removal context, "the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." *Lowery*, 483 F.3d at 1208. Further, because 28 U.S.C. § 1446(b) and § 1447(c) require the court to consider the propriety of removal based on the removal documents and the complaint, the Eleventh Circuit held that "[i]f the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction. If not, the court must remand." *Id.* at 1211.

Requests for jurisdictional discovery are not favored in the Eleventh Circuit, and courts "should not reserve ruling on a motion to remand in order to allow [a party] to discover the potential factual basis of jurisdiction. Such fishing expeditions would clog the federal judicial machinery." *Id.* at 1217. However, "when facts that go to the merits and the court's jurisdiction are intertwined and genuinely in dispute, parties have a qualified right to jurisdictional discovery." *Am. Civ. Liberties Union of Fla., Inc. v. City of Sarasota*, 859 F.3d 1337, 1341 (11th Cir. 2017) (quotation marks and citation omitted).

5

First, as the Defendants pointed out, the Court recently addressed a similar challenge to the amount in controversy that the Plaintiff presents here. In *Doe*, the plaintiff argued that the defendant had not met the $5,000,000 threshold because he was seeking compensation only for losses, but the defendant's notice of removal had included purchases on its gaming platforms in the aggregated total. *Doe*, , at *2. The Court found that this argument ran contrary to the plaintiff's allegations in the complaint, where he stated that "all of Defendants' gambling operations, agreements, and funds [they have] received from Plaintiff and the Class are void and subject to refund or return to Plaintiff and the Class in order to reimburse Plaintiff and the Class for their losses during the preceding six months." *Id.* The same holds true here. In the Plaintiff's complaint, she alleges that she is seeking "a judgment . . . for all money paid or property delivered to each and all of the above-named Defendants as authorized by O.C.G.A. § 13-8-3(b) for the monetary losses incurred" by the Plaintiff and the proposed class. (Compl. at 41-42). The Plaintiff's concession that she is seeking a judgment for "all money paid" to the Defendants aligns with Mr. Thunder's statement that the "total amount of in-game purchases" of all Georgia users during the relevant time period exceeded $5,000,000. (Thunder Decl. ¶ 9). Thus, the Plaintiff's challenge to the amount in controversy lacks merit.

6

Second, the Plaintiff has not demonstrated that she is entitled to jurisdictional discovery to "verify" whether the numerosity and amount in controversy requirements are actually met. The Plaintiff has not raised a genuine dispute with regard to the Defendants' statements that its records demonstrate that both requirements are met, and instead seeks discovery to *confirm* that they are. But "[s]uch fishing expeditions" are disfavored. *See Lowery*, 483 F.3d at 1217. In other words, the Plaintiff has no reason to believe that the Defendants' statements about its purchase records are inaccurate. In fact, the Plaintiff herself stated that "VGW maintains detailed records of . . . each bettor's purchase history . . . VGW maintains all records necessary to calculate and reveal the losses sustained by citizens of the state of Georgia." (Compl. ¶ 97). Without any evidence or contention that a genuine dispute exists with regard to the numerosity and amount in controversy requirements, the Plaintiff has not demonstrated that jurisdictional discovery is warranted. *Am. Civ. Liberties Union of Fla., Inc.*, 859 F.3d at 1341. Therefore, because the amount in controversy and the numerosity requirements are clearly stated in the notice of removal and supporting declaration of Mr. Thunder and are supported by the Plaintiff's allegations in the Complaint, the Court finds that it has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2), (d)(11) and that removal was proper pursuant to 28 U.S.C. § 1441 and § 1446. *Lowery*, 483 F.3d at 1211 (holding that "[i]f the jurisdictional

7

amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction. If not, the court must remand."). Accordingly, the Plaintiff's Motion to Remand and Motion for Discovery [Doc. 11] should be denied.

## IV. Conclusion

For the foregoing reasons, the Plaintiff's Motion to Remand and Motion for Discovery [Doc. 11] is DENIED. The Plaintiff's Motion for Leave to File a Notice of Supplemental Authority [Doc. 16] is also DENIED.

SO ORDERED, this ___15th___ day of October, 2024.

THOMAS W. THRASH, JR.
United States District Judge