IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DESTINY KENNEDY,<br>On behalf of herself and all<br>Other Georgia citizens similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VGW HOLDINGS LIMITED, VGW MALTA LIMITED, VGW LUCKYLAND INC., and VGW GP LIMITED,<br><br>Defendants. | ) | CIVIL ACTION NO.<br>1:24-cv-02184-TWT |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT FOR LACK OF PERSONAL JURISDICTION, OR, IN THE ALTERNATIVE, TO TRANSFER, IN PART, AND OTHERWISE DISMISS THE COMPLAINT**

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ....................1

FACTUAL BACKGROUND ....................4

I. The Parties ....................4

II. To Play the Games, Users Must Agree to VGW's Terms, Which Include Arbitration Agreements (Subject to Opt-Out), Mandatory Forum Selection Clauses, and Express and Unconditional Class Action Waivers ....................5

ARGUMENT ....................8

I. The Complaint Should Be Dismissed for Lack of Personal Jurisdiction ....................8

A. This Court Lacks General Jurisdiction Over VGW Group ....................8

B. The Court Lacks Specific Jurisdiction Over VGW Group ....................10

II. Alternatively, the Court Should Transfer the Claims Against VGW Luckyland to Delaware Pursuant to 28 U.S.C. § 1404(a) and Dismiss the Claims Against VGW Malta and VGW GP for *Forum Non Conveniens* ....................14

A. The Forum Selection Clauses Are Valid and Enforceable ....................16

B. Plaintiff's Claims Are Covered by the Forum Selection Clauses ....................24

C. Plaintiff Cannot Show Public Interest Factors "Overwhelmingly Disfavor" Enforcement of the Mandatory Forum Selection Clauses ....................26

D. The Derivative Claims Against VGW Holdings Likewise Should Be Transferred to Delaware and Dismissed for *Forum Non Conveniens* ....................29

CONCLUSION ....................31

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AFC Franchising, LLC v. Purugganan*,
43 F.4th 1285 (11th Cir. 2022) ....................23

*Arthrex, Inc. v. Orthogen Aktiengesellschaft*,
250 F. App'x 293 (11th Cir. 2007) ....................30

*Arthrex, Inc. v. Orthogen Aktiengesellschaft*,
No. 2:05-cv-121-FtM-33DNF, 2006 WL 8438756 (M.D. Fla.
May 10, 2006) ....................30

*Atl. Marine Constr. Co. v. U.S. Dist. Ct. for the W. Dist. of Tex.*,
571 U.S. 49 (2013) .................... *passim*

*Aviation One of Fla., Inc. v. Airborne Ins. Consultants (PTY), Ltd.*,
722 F. App'x 870 (11th Cir. 2018) ....................18, 19, 28

*BNSF Ry. Co. v. Tyrrell*,
581 U.S. 402 (2017) ....................9

*Brannies v. Internet ROI, Inc.*,
67 F. Supp. 3d 1365 (S.D. Ga. 2015) ....................11

*Burger King Corp. v. Rudzewicz*,
471 U.S. 462 (1985) ....................10

*Clinton v. Montes*,
No. CV 11-10062-R (SH), 2012 WL 12886490 (C.D. Cal. July 16, 2012) .......12

*Consol. Dev. Corp. v. Sherritt, Inc.*,
216 F.3d 1286 (11th Cir. 2000) ....................8

*Crystal Lake Garden Club LLC v. Trilith Dev., LLC*,
No. 3:21-cv-114-TCB, 2022 WL 22586524 (N.D. Ga. May 11, 2022) .......25, 26

*Daimler AG v. Bauman*,
571 U.S. 117 (2014) ....................9

*Davis v. Avvo, Inc.*,
No. 8:10-cv-2352-T-27TBM, 2011 WL 4063282 (M.D. Fla. Sept. 13, 2011) ....................26

*Davis v. Oasis Legal Fin. Operating Co.*,
936 F.3d 1174 (11th Cir. 2019) ....................23, 24

*Decker v. Circus Circus Hotel*,
49 F. Supp. 2d 743 (D.N.J. 1999) ....................13

*Del Valle v. Trivago GmbH*,
56 F. 4th 1265 (11th Cir. 2022) ....................8

*Doe v. VGW Malta, Ltd.*,
No. 1:23-cv-3226-TWT, 2023 WL 8234650 (N.D. Ga. Nov. 28, 2023) ....................2, 16, 23

*Don't Look Media LLC v. Fly Victor Ltd.*,
999 F.3d 1284 (11th Cir. 2021) ....................28

*ECB USA, Inc. v. Savencia, S.A.*,
No. 1:18-cv-24755-UU, 2019 WL 8267072 (S.D. Fla. April 24, 2019) ....................31

*EchoSpan, Inc. v. Medallia, Inc.*,
No. 1:21-cv-04318-JPB, 2022 WL 22853142 (N.D. Ga. Feb. 7, 2022) ....................17

*EDN Global, Inc. v. AT&T, Inc.*,
1:22-cv-2981-JPB, 2023 WL 2017283 (N.D. Ga. Feb. 14, 2023) ....................21

*Ekpo v. Playa Mgmt. USA, LLC*,
No. 1:21-cv-2089-TWT, 2022 WL 2048665 (N.D. Ga. June 7, 2022) ....................11

*Ekpo v. Playa Mgmt. USA, LLC*,
No. 1:21-cv-2089-TWT, 2023 WL 3397393 (N.D. Ga. May 11, 2023) ....................18

*Exter Shipping Ltd. v. Kilakos*,
310 F. Supp. 2d 1301 (N.D. Ga. 2004) ....................27, 28

*First Nat'l Petrol. Co. v. OAO Tyumenneftegaz*,
No. 4:19-cv-97, 2020 WL 1188447 (S.D. Tex. Mar. 12, 2020) ....................*passim*

*Fred Lurie Assocs., Inc. v. Global All. Logistics, Inc.*,
453 F. Supp. 2d 1351 (S.D. Fla. 2006) ....................20

*GDG Acquisitions, LLC v. Govt. of Belize*,
749 F.3d 1024 (11th Cir. 2014) ........................................................................15

*Global Satellite Commc'n Co. v. Starmill U.K. Ltd.*,
378 F.3d 1269 (11th Cir. 2004) ..........................................................................8

*Global Telecom & Tech. Ams., Inc. v. CMC Networks, Ltd.*,
No. 1:13-cv-1092, 2014 WL 12917058 (E.D. Va. Jan. 28, 2014) .....................14

*Goforit Ent. LLC v. Digimedia.com L.P.*,
513 F. Supp. 2d 1325 (M.D. Fla. 2007)..............................................................11

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
564 U.S. 915 (2011)..............................................................................................8

*Gordian Grp., LLC v. Syringa Expl., Inc.*,
168 F. Supp. 3d 575 (S.D.N.Y. 2016) ...............................................................13

*Graddy v. Carnegie Academy, LLC*,
No. 1:21-cv-639-SDG, 2022 WL 903193 (N.D. Ga. Mar. 28, 2022) ................24

*Gullen v. Facebook.com, Inc.*,
No. 15 C 7681, 2016 WL 245910 (N.D. Ill. Jan. 21, 2016) ..............................12

*Harrison v. Facebook, Inc.*,
No. 18-147-TFM-MU, 2019 WL 1090779 (S.D. Ala. Jan. 17, 2019) ...............11

*Heiting v. Marriott Int'l, Inc.*,
2:23-cv-10822-JLS-MAA, 2024 WL 3751276 (C.D. Cal. Aug. 5, 2024) .........12

*Hindi v. BirdEye, Inc.*,
No. 19-cv-61201-BLOOM/Valle, 2019 WL 4091425 (S.D. Fla.
Aug. 29, 2019) ....................................................................................................28

*Hinkle v. Cirrus Design Corp.*,
775 F. App'x 545 (11th Cir. 2019).......................................................................9

*Kifle v. YouTube LLC*,
1:21-cv-238-JPB, 2021 WL 3924795 (N.D. Ga. Mar. 12, 2021).......................25

*King v. Cessna Aircraft Co.*,
562 F.3d 1374 (11th Cir. 2009) ........................................................................22

*Krenkel v. Kerzner Int'l Hotels Ltd.*,
579 F.3d 1279 (11th Cir. 2009) ....................16, 17

*Landau v. Newland Int'l Props., Corp.*,
10-81466-CIV, 2011 WL 13227739 (S.D. Fla. June 10, 2011) ....................22

*Lipcon v. Underwriters at Lloyd's, London*,
148 F.3d 1285 (11th Cir. 1998) ....................22

*Madara v. Hall*,
916 F.2d 1510 (11th Cir. 1990) ....................13

*Messmer v. Thor Motor Coach, Inc.*,
No. 3:16-cv-1510, 2017 WL 933138 (M.D. Fla. Feb. 28, 2017) ....................19

*Muniz v. Fenix Int'l Ltd.*,
No. 1:20-cv-3200-LMM, 2021 WL 3417581 (N.D. Ga. June 28, 2021) ....................19, 20, 21

*Ogbo v. CSX Transp., Inc.*,
No. CV 123-017, 2023 WL 10858955 (S.D. Ga. Nov. 20, 2023) ....................18

*P & S Bus. Machs., Inc. v. Canon USA, Inc.*,
331 F.3d 804 (11th Cir. 2003) ....................16

*Pappas v. Kerzner Int'l Bah. Ltd.*,
585 F. App'x 962 (11th Cir. 2014) ....................26

*Pinnacle Peak Private Client Grp., LLC v. Keystone Cap. Partners, Inc.*,
No. 1:21-CV-01679-JPB, 2022 WL 325389 (N.D. Ga. Jan. 5, 2022) ....................19

*Ploharski v. EBay Inc.*,
No. l:00-cv-799-JEC, 2000 WL 35778242 (N.D. Ga. Aug. 2, 2000) ....................25

*Puligala v. Cuccinelli*,
No. 1:20-cv-00822-JPB, 2021 WL 9385877 (N.D. Ga. Jan. 22, 2021) ....................27

*Ralls v. Facebook, Inc.*,
221 F. Supp. 3d 1237 (W.D. Wash. 2016) ....................11

*Rigsby v. GoDaddy Inc.*,
No. 1:19-cv-3824-JPB, 2019 WL 9806587 (N.D. Ga. Nov. 25, 2019)....................23

*Roberts v. Cox Commc'ns, Inc.*,
No. 3:20-cv-392-FDW-DSC, 2020 WL 7080307 (W.D.N.C. Dec. 3, 2020).....14

*Rosemont Hotels, Inc. v. Barton Malow Co.*,
No. 6:23-cv-1073-CEM-RMN, 2024 WL 416499 (M.D. Fla. Jan. 9, 2024) .....31

*Rucker v. Oasis Legal Fin., L.L.C.*,
632 F.3d 1231 (11th Cir. 2011) ............................................................16, 21, 23

*Satz v. McDonnell Douglas Corp.*,
244 F.3d 1279 (11th Cir. 2001) ......................................................................20

*Slater v. Energy Servs. Grp. Int'l, Inc.*,
634 F.3d 1326 (11th Cir. 2011) ......................................................................25

*Snow v. DirecTV, Inc.*,
450 F.3d 1314 (11th Cir. 2006) ......................................................................10

*St. Francis Holdings, LLC v. Cynosure, Inc.*,
8:20-cv-1101-T-02AAS, 2020 WL 9601509 (M.D. Fla. Sept. 23, 2020)..........28

*Stewart Org., Inc. v. Ricoh Corp.*,
810 F.2d 1066 (11th Cir. 1987) ......................................................................25

*Turner v. Costa Crociere S.p.A.*,
9 F.4th 1341 (11th Cir. 2021) .........................................................................20

*U.S. Sec. Assocs., Inc. v. Lumby*,
No. 1:18-cv-5331-TWT, 2019 WL 8277263 (N.D. Ga. Sept. 25, 2019) .............9

*Wade Park Land Holdings, LLC v. Kalikow*,
522 F. Supp. 3d 1341 (N.D. Ga. 2021)............................................................17

*Waite v. All Acquisition Corp.*,
901 F.3d 1307 (11th Cir. 2018) ...............................................................8, 9, 10

*Walden v. Fiore*,
571 U.S. 277 (2014)...................................................................................10, 26

*Xena Invs., Ltd. v. Magnum Fund Mgmt. Ltd.*,
726 F.3d 1278 (11th Cir. 2013) ......................................................................16

**Statutes**

28 U.S.C. § 1404(a) ........................................................................................*passim*

O.C.G.A. § 13-8-3(b) ...........................................................................................26

**Other Authorities**

Fed. R. Civ. P. 12(b)(2).....................................................................3, 8, 14

Fed. R. Civ. P. 23 ...................................................................................................7

Defendants VGW Holdings Ltd. ("VGW Holdings"), VGW Malta Ltd. ("VGW Malta"), VGW Luckyland Inc. ("VGW Luckyland"), and VGW GP Ltd. ("VGW GP") (collectively, "VGW Group"), respectfully submit this memorandum of law in support of their motion (1) to dismiss the complaint for lack of personal jurisdiction or, in the alternative, (2) to transfer the claims against VGW Luckyland (and the identical derivative claims against VGW Holdings) to the United States District Court for the District of Delaware, pursuant to 28 U.S.C. § 1404(a), and to dismiss the claims against VGW Malta and VGW GP (and the identical derivative claims against VGW Holdings) pursuant to the doctrine of *forum non conveniens*.[1]

## PRELIMINARY STATEMENT

This is one of ***ten*** lawsuits that Plaintiff's counsel has filed against VGW Group in roughly one year, and ***the third in this District alone***. In each case, the plaintiff has speciously claimed that VGW Group's online casino-themed social games are unlawful "gambling," and that the plaintiff is entitled to recover all money spent by players of the games in a particular state. Some cases, including the related case brought by Plaintiff's counsel captioned *Fair Gaming Advocates Georgia, Inc. v. VGW Holdings Ltd.*, No. 1:24-cv-00901-TWT, have been brought by companies

---

[1] VGW Luckyland and VGW GP have also moved to compel arbitration of Plaintiff's claims against them. Should the Court grant that motion, the portion of this motion seeking transfer and dismissal of the claims against VGW Luckyland and VGW GP pursuant to § 1404(a) and *forum non conveniens* would be moot.

that were formed for the purpose of bringing the lawsuits and attempting to avoid the arbitration agreements in VGW Group's terms of service (the "Terms"); others, like this one, have been brought by players as putative class actions without regard for the arbitration agreements and class action waivers in the Terms. None has succeeded. In fact, Plaintiff's counsel withdrew the first putative class action he brought in Georgia on behalf of an anonymous player, after this Court granted VGW Luckyland's and VGW Malta's motion to compel arbitration. *Doe v. VGW Malta, Ltd.*, No. 1:23-CV-3226-TWT, 2023 WL 8234650, at *2 (N.D. Ga. Nov. 28, 2023).

This case is materially identical to *Doe*. The only difference is that Plaintiff here identified herself and claims to have opted out of all her arbitration agreements with VGW Group. That is not correct as to VGW Luckyland and VGW GP, as explained in their accompanying motion to compel arbitration. But even assuming Plaintiff had in fact opted out of all her arbitration agreements with VGW Group, this case cannot proceed in this Court for two separate and independent reasons.

***First***, this Court lacks personal jurisdiction over VGW Group. There is no general jurisdiction because none of the VGW Group entities is incorporated or headquartered in Georgia. Nor is there specific jurisdiction, as VGW Group does not specifically target Georgia residents in its business. That VGW Group's games are available for play online does not mean VGW Group is subject to personal jurisdiction in Georgia. To rule otherwise would make a mockery of the

constitutional boundaries of long-arm jurisdiction and make every company that provides an online service subject to personal jurisdiction everywhere the website can be accessed. That is not the law. Dismissal under Rule 12(b)(2) is thus required.

***Second***, even if the Court had personal jurisdiction over VGW Group, Plaintiff's claims must be transferred, in part, and otherwise dismissed pursuant to the mandatory forum selection clauses in the Terms. Regardless of Plaintiff's opt-out of arbitration, she is bound by all other provisions of the Terms, including the mandatory forum selection clauses. Plaintiff agreed that, if she opted out of arbitration, she would litigate her claims against VGW Luckyland ***exclusively in Delaware*** and would litigate her claims against VGW Malta and VGW GP ***exclusively in Malta***. Plaintiff is bound by the Terms' mandatory forum selection clauses under long-settled Supreme Court and Eleventh Circuit precedent. Indeed, the forum selection clauses are presumptively valid, and Plaintiff cannot meet her heavy burden of showing that "public-interest factors ***overwhelmingly*** disfavor" holding her to her binding forum selection agreements. *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 571 U.S. 49, 67 (2013) (emphasis added).

The Court should therefore transfer the claims against VGW Luckyland to the District of Delaware, pursuant to 28 U.S.C. § 1404(a), and dismiss the claims against VGW Malta and VGW GP pursuant to the doctrine of *forum non conveniens*. And because the claims against VGW Holdings—the ultimate parent company of VGW

Luckyland, VGW Malta, and VGW GP—are identical to and derivative of the claims against VGW Luckyland, VGW Malta, and VGW GP, the claims against VGW Holdings should be transferred, in part, and dismissed for the same reasons.

## FACTUAL BACKGROUND

### I. The Parties

VGW Group specializes in the development and publication of free-to-play online casino-themed social games on platforms called *Luckyland Slots*, *Chumba Casino*, and *Global Poker*. Decl. of Caterina Cavallaro in Support of Defendants' Motion to Compel Arbitration, Dismiss or Transfer ("Cavallaro Decl.") ¶ 2.

VGW Luckyland owns and operates the *Luckyland Slots* games, which are accessible to users online at www.luckylandslots.com. *Id.* ¶ 4. VGW Luckyland is a Delaware corporation with its principal place of business in Delaware. *Id.*

VGW Malta owns and operates the *Chumba Casino* games, which are accessible online at www.chumbacasino.com. *Id.* ¶ 5. VGW Malta is a Maltese limited company with its principal place of business in the Republic of Malta. *Id.*

VGW GP owns and operates the *Global Poker* games, which are accessible to users online at www.globalpoker.com. *Id.* ¶ 6. VGW GP is a Maltese limited company with its principal place of business in the Republic of Malta. *Id.*

VGW Holdings is an Australian limited company headquartered in Australia (*id*. ¶ 2), and is the ultimate parent company of VGW Luckyland, VGW Malta, and VGW GP (*id*. ¶ 7). VGW Holdings does not own or operate any of the games. *Id*.

VGW Group does not have any offices, facilities, assets, or employees in Georgia. *Id*. 8. VGW Group does not purposefully target or direct any of its marketing or other business activities specifically toward Georgia residents, nor are its games tailored to Georgia residents. *Id*. Indeed, the games are the same no matter where a player access them online.

Plaintiff is a Georgia resident who alleges that she registered accounts with, played, and spent $1,150 on *Luckyland Slots*, *Chumba Casino*, and *Global Poker* between September 7, 2023, and December 3, 2023. *See* Compl. ¶¶ 10-11. Plaintiff alleges that the games are illegal "gambling" under Georgia law. *Id*. ¶¶ 106-11. The games are not gambling, but that issue is not relevant to this motion. Plaintiff purports to bring claims on behalf of herself and a class of all other Georgia residents who made purchases playing *Luckyland Slots*, *Chumba Casino*, and *Global Poker* during the six-month period of September 7, 2023, to March 7, 2024. *Id*. ¶¶ 98-105.

## II. To Play the Games, Users Must Agree to VGW's Terms, Which Include Arbitration Agreements (Subject to Opt-Out), Mandatory Forum Selection Clauses, and Express and Unconditional Class Action Waivers

Before a user can play any games, VGW Group requires the user to register an account. *See* Cavallaro Decl. ¶ 10. As part of the account registration process, a

user must affirmatively accept and agree to the Luckyland Slots Terms of Service (the "Luckyland Terms"), the Chumba Casino Terms and Conditions (the "Chumba Terms"), or the Global Poker Terms and Conditions (the "Global Poker Terms"), as applicable. *Id*. Users cannot register or play any VGW Group's games unless they affirmatively accept and agree to the Terms applicable to the games. *Id.* ¶¶ 11-12.

VGW Group does not understand Plaintiff to dispute that she accepted the Terms. In fact, Plaintiff tacitly concedes she accepted the Terms because she alleges that she opted out of the arbitration clauses "in accordance with the Terms." Compl. ¶ 12. In any event, VGW Group's business records confirm Plaintiff accepted the November 1, 2023, Terms for each platform and opted out of the arbitration clauses in those Terms in late November 2023. *See* Cavallaro Decl. ¶¶ 23, 30, 36. VGW Group's records further confirm Plaintiff later accepted the December 2023 Luckyland and Global Poker Terms in January 2024, long before she filed this lawsuit, and did not opt out of arbitration under those Terms. *Id*. ¶¶ 24-25, 37-38.

For purposes of this motion only, VGW Group assumes that the November 2023 Terms (under which Plaintiff claims to have opted out of arbitration) apply.

The November 2023 Terms (hereafter, the Terms) are identical in all material respects, except as noted below with respect to the forum designated in the forum selection clauses. *See infra* at 7. Section 23 of the Terms, titled "**DISPUTE RESOLUTION AND AGREEMENT TO ARBITRATE ON AN INDIVIDUAL**

**BASIS**,"[2] includes an arbitration agreement and a provision allowing users to opt-out of arbitration within 30 days of accepting the Terms. *See* Cavallaro Decl., Exs. A, C, D §§ 23.2, 23.3. Section 23 also contains an express class action waiver, which bars Plaintiff from arbitrating or litigating any dispute against VGW Group as a class action. *Id*. § 23.7. Plaintiff has brought this putative class action in violation of her class action waiver. VGW Group intends to oppose class certification and will seek dismissal of the putative class claims pursuant to the class waiver and for failure to meet the requirements of a class action under Rule 23, after this motion is resolved.

The Terms also contain exclusive forum selection and choice of law clauses, each in a separate standalone section, under a header titled "**Applicable Law and Jurisdiction**." *Id*. §§ 24.14, 24.17. The Luckyland Terms provide that the parties' "entire relationship" shall be governed exclusively by Delaware law, and that disputes not subject to arbitration "will be submitted exclusively to the courts in the State of Delaware." *Id*., Ex. A §§ 24.14, 24.17. The Chumba Terms and Global Poker Terms likewise provide that the parties' "entire relationship" shall be governed exclusively by Delaware law, but they require claims not subject to arbitration to be "submitted exclusively to the courts in Malta." *Id*., Exs. C, D §§ 24.14, 24.17.

The forum selection clauses are mandatory, not permissive, because they state that disputes "will be submitted ***exclusively*** to the courts in" Delaware and Malta.

---

[2] Capitalization and bold emphases in original unless otherwise noted.

*Global Satellite Commc'n Co. v. Starmill U.K. Ltd.*, 378 F.3d 1269, 1272 (11th Cir. 2004) ("A permissive clause authorizes jurisdiction in a designated forum but does not prohibit litigation elsewhere. A mandatory clause, in contrast, 'dictates an exclusive forum for litigation under the contract.'").

## ARGUMENT

### I. The Complaint Should Be Dismissed for Lack of Personal Jurisdiction

This Court must dismiss a complaint pursuant to Rule 12(b)(2) where it lacks personal jurisdiction over the defendant. *See* Fed. R. Civ. P. 12(b)(2). For a court to exercise personal jurisdiction over a non-resident defendant, the plaintiff must show that jurisdiction is proper under the forum state's long-arm statute ***and*** the Due Process Clause of the Constitution. *See Del Valle v. Trivago GmbH*, 56 F. 4th 1265, 1272 (11th Cir. 2022). This Court can only exercise jurisdiction over a non-resident defendant if the defendant is subject to general or specific jurisdiction in Georgia. *Waite v. All Acquisition Corp.*, 901 F.3d 1307, 1312 (11th Cir. 2018). The plaintiff bears the burden of establishing a basis for personal jurisdiction over the defendant. *Consol. Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1291 (11th Cir. 2000).

#### A. This Court Lacks General Jurisdiction Over VGW Group

To establish general jurisdiction over a foreign corporation, the plaintiff must show that the defendant's contacts with the forum state are "so 'continuous and systematic' as to render [the defendant] essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)

(quoting *Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp. & Placement*, 326 U.S. 310, 317 (1945)). A corporation is generally "at home" only in the state where it is incorporated and has its principal place of business. *Daimler AG v. Bauman*, 571 U.S. 117, 136 (2014). "Outside of these two exemplars, a defendant's operations will 'be so substantial and of such a nature as to render the corporation at home in that State' only in an 'exceptional case.'" *Waite*, 901 F.3d at 1317.

Here, none of the VGW Group entities is "at home" in Georgia: VGW Luckyland is a Delaware corporation with its principal place of business in Delaware; VGW Malta and VGW GP are Maltese limited companies with their principal places of business in Malta; and VGW Holdings is an Australian limited company with its principal place of business in Australia. Cavallaro Decl. ¶¶ 2-6.

Because none of the VGW Group entities is "at home" in Georgia, this Court lacks general jurisdiction over VGW Group. *See BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402, 414 (2017) (no general jurisdiction in Montana where defendant "is not incorporated in Montana and does not maintain its principal place of business there"); *Hinkle v. Cirrus Design Corp.*, 775 F. App'x 545, 550-51 (11th Cir. 2019) (no general jurisdiction in Florida where defendant "is not incorporated in Florida, nor is its principal place of business in Florida"); *U.S. Sec. Assocs., Inc. v. Lumby*, No. 1:18-CV-5331-TWT, 2019 WL 8277263, at *5 (N.D. Ga. Sept. 25, 2019) (no

general jurisdiction over "company that indisputably is neither incorporated in nor operating its principal place of business in Georgia") (Thrash, J.).

**B. <u>The Court Lacks Specific Jurisdiction Over VGW Group</u>**

To establish specific jurisdiction over a non-resident defendant, a plaintiff must allege sufficient facts demonstrating "the defendant's suit-related conduct" creates "a substantial connection with the forum State." *Walden v. Fiore*, 571 U.S. 277, 284 (2014). Specific jurisdiction exists only if: (1) the claims "arise out of or relate to" defendants' contacts with the forum state, and (2) defendants "purposefully avail" themselves of the privilege of conducting activities within the forum state. *Waite*, 901 F.3d at 1313. If the plaintiff carries its burden, then "these contacts may be considered in light of other factors to determine whether the assertion of personal jurisdiction would comport with 'fair play and substantial justice.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985) (citation omitted). Here, key elements necessary for the exercise of specific jurisdiction over VGW Group are lacking.

***First***, the complaint alleges no facts that would establish VGW Group purposefully availed itself of the privilege of conducting business in Georgia. Courts routinely reject "vague and conclusory allegations" as insufficient to "establish . . . personal jurisdiction." *Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1318 (11th Cir. 2006). Plaintiff does not allege any facts to support that VGW Group "conducts business" or "actively operate[s] and market[s] internet gambling websites" in Georgia.

Compl. ¶¶ 2-5. All Plaintiff alleges is that VGW Group "operates internet gambling websites" that are available to users in Georgia. *Id.* ¶ 9. This is insufficient.

The mere fact that the games are available for play in Georgia does not mean VGW Group has purposefully availed itself of the Georgia market. *See Ekpo v. Playa Mgmt. USA, LLC*, No. 1:21-CV-2089-TWT, 2022 WL 2048665, at *6 (N.D. Ga. June 7, 2022) (operation of website available in Georgia insufficient to establish jurisdiction where website did not specifically target Georgia customers) (Thrash, J.); *Brannies v. Internet ROI, Inc.*, 67 F. Supp. 3d 1365, 1368-69 (S.D. Ga. 2015) (website owner's placement of advertisements on website viewable in Georgia insufficient to establish jurisdiction); *see also Goforit Ent. LLC v. Digimedia.com L.P.*, 513 F. Supp. 2d 1325, 1330 (M.D. Fla. 2007) ("[T]hat Defendants' websites are equally accessible everywhere does not establish targeting of Florida.").

Were the Court to exercise jurisdiction here, every internet-based business with customers in Georgia would be subject to personal jurisdiction in the state. That is not the law. *See, e.g.*, *Harrison v. Facebook, Inc.*, No. 18-0147-TFM-MU, 2019 WL 1090779, at *4 (S.D. Ala. Jan. 17, 2019) ("[P]ersonal jurisdiction over Facebook may not exist simply because a user avails [her]self of Facebook's services in a state other than the states in which Facebook is incorporated and has its principal place of business."), *report and recommendation adopted*, 2019 WL 1102210 (S.D. Ala. Mar. 8, 2019); *Ralls v. Facebook, Inc.*, 221 F. Supp. 3d 1237, 1244 (W.D. Wash.

2016) (same); *Gullen v. Facebook.com, Inc.*, No. 15 C 7681, 2016 WL 245910, at *2 (N.D. Ill. Jan. 21, 2016) ("Because plaintiff does not allege that Facebook targets its alleged biometric collection activities at Illinois residents, the fact that its site is accessible to Illinois residents does not confer specific jurisdiction over Facebook.").

Plaintiff does not and cannot identify any actions ***taken by VGW Group*** that were ***expressly aimed at Georgia***. VGW Group does not purposefully target or direct any marketing or other business activities specifically toward Georgia residents. *See* Cavallaro Decl. ¶ 8. While VGW Group benefits from users in Georgia, there is no allegation that VGW Group's games have a Georgia-specific focus, attempt specifically to appeal to or actively target Georgia residents in particular, change based on a player's residency in Georgia, or prioritize Georgia players. *See Clinton v. Montes*, No. CV 11-10062-R (SH), 2012 WL 12886490, at *2 (C.D. Cal. July 16, 2012) ("Only where a website with national viewership and scope appeals to and profits from an audience in a particular state can the site's operators be said to have expressly aimed at that state."). VGW Group offers the same games no matter where a player accesses them in the United States. *See id.*, 2012 WL 12886490, at *2 (no specific jurisdiction in California over operator of nationally available website simply because California consumers could purchase the allegedly infringing album on the website); *Heiting v. Marriott Int'l, Inc.*, 2:23-cv-10822-JLS-MAA, 2024 WL 3751276, at *5 (C.D. Cal. Aug. 5, 2024) (no specific jurisdiction where plaintiff "has

not shown that Marriott operated its website to specifically target the California market or otherwise prioritize and/or cultivate data gleaned from California users").

***Second***, fairness and justice weigh against the exercise of jurisdiction here because VGW Group could not have "reasonably anticipate[d] being haled into court" in Georgia. *Madara v. Hall*, 916 F.2d 1510, 1516 (11th Cir. 1990) ("[T]he defendant's conduct and connection with the forum must be of a character that he should reasonably anticipate being haled into court there."). As discussed above, none of the VGW Group entities is incorporated or has its principal place of business in Georgia, nor do they have any offices, assets, or employees in Georgia.

Moreover, VGW Group structured its Terms such that VGW Group and its customers around the world, including Plaintiff, agreed to litigate all disputes not subject to arbitration ***exclusively in Delaware and Malta***. *See* Cavallaro Decl., Exs. A, C, D § 24.17. The purpose of a forum selection clause is to "allow the parties to predict with a reasonable degree of certainty where they may be haled into court." *Gordian Grp., LLC v. Syringa Expl., Inc.*, 168 F. Supp. 3d 575, 582 (S.D.N.Y. 2016).

Given the mandatory Delaware and Malta forum selection clauses, VGW Group could not have reasonably anticipated being haled into court in Georgia and every other state where its games can be accessed online. *See, e.g.*, *Decker v. Circus Circus Hotel*, 49 F. Supp. 2d 743, 750 (D.N.J. 1999) ("The [Nevada] forum selection clause in defendant's Web site demonstrates that it could not reasonably anticipate

being haled into court in New Jersey."); *First Nat'l Petrol. Co. v. OAO Tyumenneftegaz*, No. 4:19-CV-97, 2020 WL 1188447, at *2 (S.D. Tex. Mar. 12, 2020) ("Courts may also give weight to the existence of a forum-selection clause or choice-of-law provision when determining whether the defendant had reason to believe it could not be haled into court in the forum state."); *Global Telecom & Tech. Ams., Inc. v. CMC Networks, Ltd.*, No. 1:13-cv-1092, 2014 WL 12917058, at *6 n.11 (E.D. Va. Jan. 28, 2014) (forum selection clause requiring disputes to be litigated in South Africa was a "factor pointing persuasively to the conclusion that [defendant] did not have a reasonable expectation it might be haled into court in Virginia"); *Roberts v. Cox Commc'ns, Inc.*, No. 3:20-cv-00392-FDW-DSC, 2020 WL 7080307, at *6 (W.D.N.C. Dec. 3, 2020) (Florida forum selection clause "suggests [defendant] never contemplated being haled into court in North Carolina").

For all these reasons, the Court lacks personal jurisdiction over VGW Group. The complaint should therefore be dismissed pursuant to Rule 12(b)(2).

## II. Alternatively, the Court Should Transfer the Claims Against VGW Luckyland to Delaware Pursuant to 28 U.S.C. § 1404(a) and Dismiss the Claims Against VGW Malta and VGW GP for *Forum Non Conveniens*

Where a contract contains a forum selection clause pointing to another federal district court, a motion to transfer under 28 U.S.C. § 1404(a)[3] is the "appropriate

[3] "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

provision to enforce the forum-selection clause." *Atl. Marine*, 571 U.S. at 62. On the other hand, "the appropriate way to enforce a forum-selection clause pointing to a . . . foreign forum is" a motion to dismiss pursuant to "the doctrine of *forum non conveniens*." *Id*. at 60. In either case, the analysis is the same. *Id*. at 61 & n.8.

When a motion to transfer or dismiss is based on a forum selection clause, courts must employ a modified § 1404(a) analysis in which (1) "the plaintiff's choice of forum merits no weight"; (2) "private interest" factors under § 1404(a) are not considered, and instead are deemed "to weigh entirely in favor of the preselected forum"; and (3) only "public-interest factors" are considered, which, as a "practical result," means "forum-selection clauses should control except in unusual cases." *Id*. at 63-64. Indeed, "an enforceable forum-selection clause carries near-determinative weight" on a motion to transfer or to dismiss for *forum non conveniens*. *GDG Acquisitions, LLC v. Govt. of Belize*, 749 F.3d 1024, 1028 (11th Cir. 2014).

The Court should transfer the claims against VGW Luckyland to Delaware and dismiss the claims against VGW Malta and VGW GP. The parties agreed that claims by and against VGW Luckyland may ***only*** be brought in "the courts in the State of Delaware," and claims by and against VGW Malta and VGW GP may ***only*** be brought in "the courts in Malta." These mandatory forum selection clauses are valid and enforceable, Plaintiff's claims are within their scope, and Plaintiff cannot meet her heavy burden of establishing that transfer or dismissal is unwarranted.

### A. <u>The Forum Selection Clauses Are Valid and Enforceable</u>

"Forum-selection clauses are presumptively valid and enforceable unless the plaintiff makes a 'strong showing' that enforcement would be unfair or unreasonable under the circumstances." *Krenkel v. Kerzner Int'l Hotels Ltd.*, 579 F.3d 1279, 1281 (11th Cir. 2009). Whether to enforce a forum selection clause is determined by federal law, not state law. *P & S Bus. Machs., Inc. v. Canon USA, Inc.*, 331 F.3d 804, 807 (11th Cir. 2003). "A forum-selection clause will be invalidated when: (1) its formation was induced by fraud or overreaching; (2) the plaintiff would be deprived of its day in court because of inconvenience or unfairness; (3) the chosen law would deprive the plaintiff of a remedy; or (4) enforcement of the clause would contravene public policy." *Krenkel*, 579 F.3d at 1281. "The party attempting to invalidate a forum-selection clause has a heavy burden of proof." *Xena Invs., Ltd. v. Magnum Fund Mgmt. Ltd.*, 726 F.3d 1278, 1284 (11th Cir. 2013) (citation omitted). Plaintiff cannot meet her heavy burden.

***First***, Plaintiff does not allege that she was fraudulently induced into agreeing to the forum selection clauses. Plaintiff may baldly assert in opposition to this motion—as her counsel did in *Doe*—that she was fraudulently induced into agreeing to the Terms (she was not), but that is not a challenge to the inclusion of the forum selection clauses specifically. *See Rucker v. Oasis Legal Fin., L.L.C.*, 632 F.3d 1231, 1236 (11th Cir. 2011) ("[F]or a forum selection clause to be invalidated on the basis

of the first factor, fraud or overreaching, a plaintiff must specifically allege that the clause was included in the contract at issue because of fraud. The plaintiffs have never made this allegation here. For that reason, the first factor does not support non-enforcement of the forum selection clause."); *EchoSpan, Inc. v. Medallia, Inc.*, No. 1:21-cv-04318-JPB, 2022 WL 22853142, at *5 (N.D. Ga. Feb. 7, 2022) (fraud exception did not apply where plaintiff alleged that the contract itself was procured by fraud, which was insufficient because "the fraud exception" only "applies when the ***inclusion*** of the forum selection clause in the contract 'was the product of fraud or coercion.'") (emphasis added) (citation omitted); *Wade Park Land Holdings, LLC v. Kalikow*, 522 F. Supp. 3d 1341, 1361-62 (N.D. Ga. 2021) ("Plaintiffs have plainly failed to plausibly allege that the forum-selection clause . . . was procured by fraud" where "Plaintiffs include no facts to support their claim[.]").

The forum selection clauses were also noticed to Plaintiff in a separate standalone section of the Terms under a bold header titled "**Applicable Law and Jurisdiction**," and the clauses unambiguously state: "the parties agree that any dispute" not subject to arbitration "will be submitted exclusively to the courts in" Delaware (for VGW Luckyland) or Malta (for VGW Malta and VGW GP). Cavallaro Decl., Exs. A, C, D § 24.17. This independently defeats any claim of fraudulent inducement. *See Krenkel*, 579 F.3d at 1281 (no fraudulent inducement of Bahamian forum selection clause in standard form agreement where clause "was set

apart in a separate paragraph, was in legible type in the same font and type size as the surrounding paragraphs, and began with the words 'I agree'"); *see also Aviation One of Fla., Inc. v. Airborne Ins. Consultants (PTY), Ltd.*, 722 F. App'x 870, 884 (11th Cir. 2018) (no fraud or overreaching where "[t]he language of the clause was plain and gave [plaintiff] sufficient notice that he was agreeing to litigate in the English courts any disputes that might arise from the [parties' relationship].").

***Second***, to the extent Plaintiff argues that litigating in Delaware and Malta would deprive her of her day in court because it would be unfair or inconvenient, that argument is foreclosed by *Atlantic Marine*, which bars consideration of such "private interest" factors here. *See Atl. Marine*, 571 U.S. at 64 ("When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation."); *see also Ekpo v. Playa Mgmt. USA, LLC*, No. 1:21-CV-2089-TWT, 2023 WL 3397393, at *3 (N.D. Ga. May 11, 2023) ("Plaintiff's agreement to a valid forum-selection clause means that the private interest factors weigh entirely in favor of the preselected forum, and the Court must weigh only the public interest factors.") (citing *Atl. Marine*, 571 U.S. at 63-64) (Thrash, J.); *Ogbo v. CSX Transp., Inc.*, No. CV 123-017, 2023 WL 10858955, at *8 (S.D. Ga. Nov. 20, 2023) (rejecting plaintiffs' argument that "the forum-selection clause should not be enforced because it would be inconvenient and expensive for them to litigate their

claims in New York," as "[a]ll private interest factors, like the parties' convenience, 'weigh entirely in favor of the preselected forum.'") (quoting *Atl. Marine*, 571 U.S. at 64); *Messmer v. Thor Motor Coach, Inc.*, No. 3:16-cv-1510, 2017 WL 933138, at *3 (M.D. Fla. Feb. 28, 2017) (rejecting plaintiffs' argument that "'trial in the contractual forum, Indiana, will be so gravely difficult and inconvenient that they will for all practical purposes be deprived of their day in court,'" including because "it appears that *Atlantic Marine* precludes this argument").

But even if the Court could "consider these factors after *Atlantic Marine*, '[t]he financial difficulty that a party might have in litigating in the selected forum is not a sufficient ground by itself for refusal to enforce a valid forum selection clause.'" *Aviation One*, 722 F. App'x at 884 (quoting *Rucker*, 632 F.3d at 1237); *see also Muniz v. Fenix Int'l Ltd.*, No. 1:20-cv-03200-LMM, 2021 WL 3417581, at *4 (N.D. Ga. June 28, 2021) (rejecting plaintiff's argument that "it would be difficult to find an attorney to represent her in a foreign country" because "[t]he financial difficulty that a party might have in litigating in the selected forum is not a sufficient ground by itself for refusal to enforce" a forum selection clause) (citation omitted). That Plaintiff agreed to litigate against VGW Luckyland in Delaware and against VGW Malta and VGW GP in Malta is of no moment. *See Pinnacle Peak Private Client Grp., LLC v. Keystone Cap. Partners, Inc.*, No. 1:21-CV-01679-JPB, 2022 WL 325389, at *4 (N.D. Ga. Jan. 5, 2022) ("While it is true that the enforcement of

the forum-selection clauses will result in litigation across several districts (Arizona and the Middle District of Georgia), allowing this concern 'to rule the day would effectively neutralize *Atlantic Marine* and allow clever parties to plead around valid forum-selection clauses.'") (citation omitted); *Fred Lurie Assocs., Inc. v. Global All. Logistics, Inc.*, 453 F. Supp. 2d 1351, 1357 (S.D. Fla. 2006) ("[B]ecause Plaintiff entered into two agreements with different forums selected [Hong Kong and France], the possibility that it would have to litigate claims relating to its shipment in different forums [Hong Kong and France] was certainly a foreseeable outcome for Plaintiff.").

Moreover, Plaintiff would not be required to travel to Malta to prosecute her claims against VGW Malta and VGW GP. *See* Declaration of Antoine Cremona ("Cremona Decl.") ¶ 20[4]; *see also Turner v. Costa Crociere S.p.A.*, 9 F.4th 1341, 1346 (11th Cir. 2021) (plaintiff would not be deprived of his day in court because he could pursue his claims in an Italian court without having to personally appear in Italy). Plaintiff agreed to litigate exclusively in Delaware and Malta when she accepted the Terms, and she cannot now be heard to complain that litigating in those

[4] Mr. Cremona is a Maltese lawyer who has been practicing in Malta for over 20 years and regularly represents clients in Malta's courts. This Court can and should consider Mr. Cremona's declaration as to Malta's judicial procedure and the adequacy of Malta's courts to hear Plaintiff's claims against VGW Malta and VGW GP. *See*, *e.g.*, *Satz v. McDonnell Douglas Corp.*, 244 F.3d 1279, 1282-83 (11th Cir. 2001) (affidavit by Argentine professor that Argentina would be an adequate alternative forum provided adequate support in the record for that determination); *Muniz*, 2021 WL 3417581, at *5 (considering affidavit submitted by English attorney attesting to adequacy of English and Welsh courts for plaintiff's claims).

jurisdictions would be inconvenient. *See Rucker*, 632 F.3d at 1237 ("[A]ny inconvenience the plaintiffs would suffer by being forced to litigate in Illinois was foreseeable at the time of contracting."); *Muniz*, 2021 WL 3417581, at *4 ("[E]ach inconvenience Plaintiff argues she 'would suffer by being forced to litigate in'" England "'as [she] agreed to do was clearly foreseeable at the time of contracting.'").

***Third***, enforcing the forum selection clauses will not deprive Plaintiff of a remedy. The Terms all contain the same Delaware choice of law clause. Thus, regardless of whether the case is litigated in Georgia or in Delaware and Malta, the court must apply Delaware law. *See Rucker*, 632 F.3d at 1237 (enforcing Illinois forum selection clause would not deprive plaintiff of a remedy because contract contained Alabama choice of law clause, and, therefore, "[r]egardless of whether this action is litigated in a courthouse in Illinois or Alabama, the court will apply Alabama law"); *see also* Cremona Decl. ¶ 18 (Malta courts can apply Delaware law). "In other words, the remedy will be determined under the same set of rules no matter where this case is heard." *Rucker*, 632 F.3d at 1237; *see also EDN Global, Inc. v. AT&T, Inc.*, 1:22-CV-02981-JPB, 2023 WL 2017283, at *5 (N.D. Ga. Feb. 14, 2023) (rejecting plaintiffs' argument that enforcing Texas forum selection clause would deprive them of a remedy under Georgia statutes because the parties' contract contained a Texas choice of law clause, and thus Texas law applied regardless of whether the case was heard in Georgia or Texas) (citing *Rucker*, 632 F.3d at 1237).

Even if the causes of action and remedies under Delaware law are less favorable to Plaintiff than under Georgia law (and Plaintiff has not shown they are), that is not a basis to deny enforcement of the forum selection clauses. Indeed, the Eleventh Circuit has held that it will not invalidate forum selection clauses "simply because the remedies available in the contractually chosen forum are less favorable than those available in the" court in which the plaintiff sued. *Lipcon v. Underwriters at Lloyd's, London*, 148 F.3d 1285, 1297 (11th Cir. 1998). "Instead, [courts should] declare unenforceable choice clauses only when the remedies available in the chosen forum are so inadequate that enforcement would be fundamentally unfair." *Id*.

A forum is considered adequate if it "provides for litigation of the subject matter of the dispute and potentially offers redress for plaintiffs' injuries." *King v. Cessna Aircraft Co.*, 562 F.3d 1374, 1382 (11th Cir. 2009). That is plainly the case here, as the Delaware court and Malta court will apply Delaware law and can potentially offer Plaintiff a remedy if she proves that VGW Group's games are unlawful "gambling" under Delaware law. Plaintiff does not and cannot show that she would be "completely deprive[d]" of a remedy "under any legal theories or causes of action available" to her under Delaware law. *Landau v. Newland Int'l Props., Corp.*, 10-81466-CIV, 2011 WL 13227739, at *5 (S.D. Fla. June 10, 2011).

Plaintiff is also free to argue to the Delaware and Malta courts that Georgia law should apply to her claims, notwithstanding the Delaware choice of law clauses.

***Finally***, Plaintiff does not allege that enforcement of the forum selection clauses would violate Georgia public policy. Because "[p]ublic policy is an amorphous concept," the Eleventh Circuit has held that "the delicate and undefined power of courts to declare a contract void as contravening public policy should be exercised with great caution, and only in cases free from substantial doubt." *Davis v. Oasis Legal Fin. Operating Co.*, 936 F.3d 1174, 1178 (11th Cir. 2019).

Plaintiff may argue—as her counsel did in *Doe*—that the Terms are void gambling contracts under Georgia law, and therefore the mandatory forum selection clauses are unenforceable as against Georgia public policy. But "[a] forum selection clause is viewed as a separate contract that is severable from the agreement in which it is contained," and therefore Plaintiff cannot avoid the forum selection clauses by arguing that the Terms are "void as illegal gambling contracts." *Rucker*, 632 F.3d at 1238; *see also AFC Franchising, LLC v. Purugganan*, 43 F.4th 1285, 1293 (11th Cir. 2022) ("[A] forum-selection clause isn't automatically rendered unenforceable if one of the parties claims that the contract of which it is part is void or voidable due to fraud, illegality, etc.") (citing *Rucker*, 632 F.3d at 1238); *Rigsby v. GoDaddy Inc.*, No. 1:19-CV-3824-JPB, 2019 WL 9806587, at *4 (N.D. Ga. Nov. 25, 2019) ("Plaintiffs cannot use the argument that the [terms of service agreement] is an unenforceable contract as a tool to evade litigation in the chosen forum.").

To the extent Plaintiff relies on *Davis*, that case is readily distinguishable. In *Davis*, the forum selection clause attempted to force Georgia borrowers to litigate against their payday lenders exclusively in Illinois, in violation of a Georgia statute that ***expressly prohibited*** payday lenders from using "forum selection clauses contained in payday loan documents in order to avoid the courts of the State of Georgia." 936 F.3d at 1179. There is no similar Georgia statute applicable here that expressly bars operators of online video games from designating other jurisdictions as the exclusive venue for disputes with their customers who choose to play the games. *See also Graddy v. Carnegie Academy, LLC*, No. 1:21-cv-00639-SDG, 2022 WL 903193, at *6 (N.D. Ga. Mar. 28, 2022) ("That the alleged scheme took place in Georgia and that Georgia has an interest in protecting its consumers are not exceptional factors that warrant disregarding the valid forum selection clauses.").

**B. Plaintiff's Claims Are Covered by the Forum Selection Clauses**

Plaintiff and VGW Luckyland agreed in the Luckyland Terms that "any dispute, controversy or claim arising out of or in connection with these Terms [], or the breach, termination or invalidity of these Terms [], will be submitted exclusively to the courts in the State of Delaware." Cavallaro Decl., Ex. A § 24.17. Plaintiff, VGW Malta, and VGW GP likewise agreed in the Chumba Terms and Global Poker Terms that "any dispute, controversy or claim arising out of or in connection with

these Terms [], or the breach, termination or invalidity of these Terms [], will be submitted exclusively to the courts in Malta." *Id.*, Exs. C, D § 24.17.

Where, as here, a forum selection clause covers all claims "arising out of" or "in connection with" the parties' agreement, the clause covers "all causes of action arising directly or indirectly from the business relationship evidenced by the contract," including statutory claims. *Stewart Org., Inc. v. Ricoh Corp.*, 810 F.2d 1066, 1070 (11th Cir. 1987); *see also Slater v. Energy Servs. Grp. Int'l, Inc.*, 634 F.3d 1326, 1330-31 (11th Cir. 2011) (plaintiff's statutory claims fell "squarely within the scope of the forum-selection clause," which covered "all claims or causes of action relating to or arising from [the parties' contract]," because such broad language "includes all claims arising 'directly or indirectly' from the relationship evidenced by the contract") (citing *Stewart*, 810 F.2d at 1070); *Kifle v. YouTube LLC*, 1:21-cv-00238-JPB, 2021 WL 3924795, at *1, *3 (N.D. Ga. Mar. 12, 2021) (statutory claims were within scope of forum selection clause covering "[a]ll claims arising out of or relating to these terms")*; Crystal Lake Garden Club LLC v. Trilith Dev., LLC*, No. 3:21-cv-114-TCB, 2022 WL 22586524, at *6 (N.D. Ga. May 11, 2022) (common law claim was within scope of forum selection clause covering "any claims or suits arising from, by or between the Parties relating to [the] Agreement"); *Ploharski v. EBay Inc.*, No. l:00-CV-0799-JEC, 2000 WL 35778242, at *1, *6 (N.D. Ga. Aug. 2, 2000) (tort claims within scope of forum selection clause covering "any

cause of action arising under this Agreement"); *Davis v. Avvo, Inc.*, No. 8:10-cv-2352-T-27TBM, 2011 WL 4063282, at *5 (M.D. Fla. Sept. 13, 2011) (statutory claims within scope of forum selection clause that "applies to 'any action at law or in equity arising out of or relating to the Site or these Site Terms,'" because "all of [plaintiff's] claims relate to the operation and content of [defendant's] website").

Here, Plaintiff's claims are within the scope of the forum selection clauses because they "arise out of" and are "in connection with the[] Terms," including the alleged "invalidity of the[] Terms." Plaintiff alleges that VGW Group's games are illegal gambling and that she and everyone else in Georgia who spent money playing the games is entitled to a refund under O.C.G.A. § 13-8-3(b) because the Terms are "contracts for gambling transactions [and] are void" under Georgia law. Compl. ¶ 107. Moreover, Plaintiff's claims all concern the operation and content of VGW Group's games, and "aris[e] directly or indirectly from the business relationship evidenced by the [Terms]." *Crystal Lake*, 2022 WL 22586524, at *6.

### C. Plaintiff Cannot Show Public Interest Factors "Overwhelmingly Disfavor" Enforcement of the Mandatory Forum Selection Clauses

Finally, the public interest factors under § 1404(a)—which are the ***only*** factors the Court may consider—are "[1] the administrative difficulties flowing from court congestion; [2] the local interest in having localized controversies decided at home; and [3] the interest in having the trial of a diversity case in a forum that is at home with the law." *Atl. Marine*, 571 U.S. at 581 n.6; *see also Pappas v. Kerzner Int'l*

*Bah. Ltd.*, 585 F. App'x 962, 967 (11th Cir. 2014). "As the party acting in violation of the forum-selection clause," Plaintiff bears "the burden of showing that public-interest factors ***overwhelmingly*** disfavor a transfer." *Atl. Marine*, 571 U.S. at 67 (emphasis added). Plaintiff cannot meet her extremely heavy burden.

***First***, "the Northern District of Georgia . . . [is], undoubtedly, [a] very busy district[]." *Puligala v. Cuccinelli*, No. 1:20-CV-00822-JPB, 2021 WL 9385877, at *3 (N.D. Ga. Jan. 22, 2021). As of June 30, 2024, the District of Delaware, with 2,222 pending cases, is less congested than the Northern District of Georgia, with 5,711 pending cases.[5] Plaintiff does not and cannot show that she would face any more congestion in Delaware or Malta than she does in this District. There is no reason to believe that the District of Delaware would not efficiently adjudicate Plaintiff's claims, and as Mr. Cremona attests in his declaration, civil cases "are dealt with quite efficiently" in Malta's courts. Cremona Decl. ¶ 19. Therefore, the first public interest factor favors VGW Group. *See Exter Shipping Ltd. v. Kilakos*, 310 F. Supp. 2d 1301, 1326 n.16 (N.D. Ga. 2004) (considering "Defendants' assertions, supported by affidavits, that 'the British and Greek courts are not so congested as to preclude the expeditious adjudication of plaintiffs' actions'") (citations omitted).

[5]https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0630.2024.pdf.

***Second***, this case is not a localized controversy that must be litigated in Georgia. The events at issue—Plaintiff's purchases of virtual coins while playing VGW Group's games—all occurred online between Plaintiff and the VGW Group companies in Delaware (VGW Luckyland) and Malta (VGW GP and VGW Malta). *See Exter Shipping*, 310 F. Supp. 2d at 1326 (claims were not "localized controversies" but rather claims arising from around the world where, *inter alia*, plaintiffs' manager maintained its corporate headquarters in Greece); *St. Francis Holdings, LLC v. Cynosure, Inc.*, 8:20-cv-1101-T-02AAS, 2020 WL 9601509, at *5 (M.D. Fla. Sept. 23, 2020) (case was not a localized controversy requiring adjudication in Florida where defendant's principal place of business was in Massachusetts); *Hindi v. BirdEye, Inc.*, No. 19-cv-61201-BLOOM/Valle, 2019 WL 4091425, at *9 (S.D. Fla. Aug. 29, 2019) (consumer class action was "not a localized controversy" where, *inter alia*, defendant was a Delaware company headquartered in California and the terms of service contained exclusive California choice-of-law clause). Thus, the second public interest factor also favors VGW Group.

***Third***, the federal court in Delaware—which is the exclusive forum for claims against VGW Luckyland—will "obviously be more familiar" with Delaware law than this Court. *Aviation One*, 722 F. App'x at 885. And "[t]here is no reason to think the [Malta] courts will be unable to discern and fairly apply" Delaware law. *Don't Look Media LLC v. Fly Victor Ltd.*, 999 F.3d 1284, 1299 (11th Cir. 2021)

(affirming ability of English courts to apply U.S. law, if necessary). In fact, as Mr. Cremona attests, Malta courts often deal with cases governed by the laws of other countries, including U.S. state law, and are perfectly capable of applying Delaware law. *See* Cremona Decl. ¶ 18. Thus, the third factor also favors VGW Group.

Because Plaintiff cannot show that the public interest factors under § 1404(a) "***overwhelmingly*** disfavor" holding Plaintiff to the parties' binding forum selection agreements, the Court should transfer the claims against VGW Luckyland to the District of Delaware and dismiss the claims against VGW Malta and VGW GP for *forum non conveniens*. *Atl. Marine*, 571 U.S. at 67 (emphasis added)

### D. The Derivative Claims Against VGW Holdings Likewise Should Be Transferred to Delaware and Dismissed for *Forum Non Conveniens*

Plaintiff also asserts identical derivative claims against VGW Holdings. To the extent the claims against VGW Holdings concern *Luckyland Slots*, they should be transferred to Delaware with the claims against VGW Luckyland. To the extent the claims against VGW Holdings concern *Chumba Casino* and *Global Poker*, they should be dismissed for *forum non conveniens*, like the claims against VGW Malta and VGW GP. This result is required for three separate and independent reasons.

***First***, VGW Holdings is—together with VGW Luckyland—a party to the Luckyland Terms, which contain the mandatory Delaware forum selection clause. The Luckyland Terms state that the VGW parties to those terms are "VGW Group," which the terms define to include VGW Luckyland "and related parties." Cavallaro

Decl., Ex. A § 1. VGW Holdings is a "related party," as it is the parent company of VGW Luckyland. *Id.* ¶ 7. Therefore, the claims against VGW Holdings relating to *Luckyland Slots* are subject to the Luckyland Terms' forum selection clause.

***Second***, VGW Holdings is the parent company of VGW Luckyland, VGW Malta, and VGW GP, the parties to the Luckyland, Chumba, and Global Poker Terms. *Id*. Plaintiff alleges that VGW Holdings "fully controls and operates its subsidiary companies" and "actively operate[s] and market[s]" its subsidiaries' games. Compl. ¶ 2. Plaintiff's claims against VGW Holdings are also identical to and derivative of the claims against VGW Luckyland, VGW Malta, and VGW GP. *Id*. ¶¶ 15-97. As such, the claims against VGW Holdings are independently subject to the Terms' Delaware and Malta forum selection clauses, regardless of whether VGW Holdings is a named party to the Terms. *See Arthrex, Inc. v. Orthogen Aktiengesellschaft*, 250 F. App'x 293, 293 (11th Cir. 2007) (claims against corporate parent were subject to forum selection clause in contract signed by subsidiary where, as here, "plaintiffs have alleged, and thus have admitted, that defendant, the parent, completely controlled its subsidiary"); *see also Arthrex, Inc. v. Orthogen Aktiengesellschaft*, No. 2:05-cv-121-FtM-33DNF, 2006 WL 8438756, at *6 (M.D. Fla. May 10, 2006) (claims against corporate parent were subject to forum selection clause in contract signed by subsidiary because the parent "is 'closely related' to the dispute and [] it was foreseeable that [the parent] would be bound by the

agreement"), *aff'd*, 250 F. App'x 293 (11th Cir. 2007); *ECB USA, Inc. v. Savencia, S.A.*, No. 1:18-cv-24755-UU, 2019 WL 8267072, at *7 (S.D. Fla. April 24, 2019).

***Third***, as a matter of judicial economy alone, the claims against VGW Holdings should be litigated in the same courts as the claims against VGW Luckyland, VGW Malta, and VGW GP, especially given that the claims against VGW Holdings are identical to and derivative of the claims against VGW Luckyland, VGW Malta, and VGW GP. Thus, the claims against VGW Holdings relating to *Luckyland Slots* should be transferred to Delaware with the claims against VGW Luckyland, and the claims against VGW Holdings relating to *Chumba Casino* and *Global Poker* should be dismissed and litigated in Malta together with the claims against VGW Malta and VGW GP. *See, e.g.*, *Rosemont Hotels, Inc. v. Barton Malow Co.*, No. 6:23-cv-1073-CEM-RMN, 2024 WL 416499, at *3 (M.D. Fla. Jan. 9, 2024) (noting it would be appropriate to transfer claims against a defendant that, although not a party to the forum selection clause, was only sued on a secondary theory of liability and the claims against the primary defendants were being transferred).

## CONCLUSION

For the reasons set forth above, this Court should (1) dismiss the complaint for lack of personal jurisdiction or, in the alternative, (2) transfer the claims against VGW Luckyland (and the identical derivative claims against VGW Holdings) to the District of Delaware pursuant to 28 U.S.C. § 1404(a), and dismiss the claims against

VGW Malta and VGW GP (and the identical derivative claims against VGW Holdings) pursuant to the doctrine of *forum non conveniens*.

Dated: November 14, 2024

Respectfully submitted,

*/s/ Michael A. Sullivan*
Michael A. Sullivan
Georgia Bar No. 691431
Nicole Archambault
Georgia Bar No. 222686
FINCH McCRANIE, LLP
229 Peachtree St. NE, Suite 2500
Atlanta, Georgia 30303
Tel: (404) 658-9070
msullivan@finchmccranie.com
narchambault@finchmccranie.com

*Attorneys for Defendants VGW Holdings Ltd., VGW Malta Ltd., VGW Luckyland Inc., and VGW GP Ltd.*

OF COUNSEL:

Gregory D. Beaman (*pro hac vice*)
Orrick, Herrington & Sutcliffe LLP
51 West 52nd Street
New York, NY 10019-6142
Tel: (212) 506-5000
gbeaman@orrick.com

Behnam Dayanim (*pro hac vice*)
Orrick, Herrington & Sutcliffe LLP
2100 Pennsylvania Avenue NW
Washington, D.C. 20037
Tel: (202) 339-8613
bdayanim@orrick.com

**RULE 7.1D CERTIFICATE OF TYPE, FORMAT AND FONT SIZE**

Under Local Rule 7.1D of the United States District Court for the Northern District of Georgia, the undersigned certifies that this submission to the Court was computer-processed, double-spaced between lines, and prepared with 14-point Times New Roman font.

*/s/ Michael A. Sullivan*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of November 2024, the foregoing document was served by efiling using the Court's electronic filing system, which will automatically forward a copy to counsel of record in this matter.

*/s/ Michael A. Sullivan*
Michael A. Sullivan
Georgia Bar No. 691431
Nicole Archambault
Georgia Bar No. 222686
FINCH McCRANIE, LLP
229 Peachtree St. NE, Suite 2500
Atlanta, Georgia 30303
Tel: (404) 658-9070
msullivan@finchmccranie.com
narchambault@finchmccranie.com

*Attorneys for Defendants VGW Holdings Ltd., VGW Malta Ltd., VGW Luckyland Inc., and VGW GP Ltd.*