IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DESTINY KENNEDY,<br>On behalf of herself and all<br>other Georgia citizens similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VGW HOLDINGS LIMITED, VGW MALTA LIMITED, VGW LUCKYLAND INC., and VGW GP LIMITED,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO.<br>1:24-cv-02184-TWT |

**PLAINTIFF'S RESPONSE AND OPPOSITION TO DEFENDANTS VGW LUCKYLAND AND VGW GP'S MOTION TO COMPEL ARBITRATION AND SUPPORTING MEMORANDUM**

Comes now, Plaintiff Destiny Kennedy, on behalf of herself and all other Georgia citizens similarly situated, to oppose Defendants' (herein also called VGW) above titled Motion to Compel Arbitration. In support thereof Plaintiff Kennedy submits the following argument. Defendants' claim:

> Plaintiff Kennedy created a Luckyland Slots account on August 27, 2023; Kennedy opted out of the Luckyland Terms on August 28, 2023; Kennedy later accepted updated Terms on November 1, 2023, and opted out of the

updated Terms that same day; Kennedy again accepted updated Terms on January 20, 2024, but Defendants did not receive notice of an opt out decision after that date. ECF 28-2, p. 9.

Plaintiff Kennedy created a Chumba Casino account on August 27, 2023; Kennedy opted out of the Chumba Casino Terms on August 28, 2023; Kennedy later accepted updated Terms on November 21, 2023, and again opted out of the updated Terms that same day; ECF 28-2, p. 9.

Plaintiff Kennedy created a Global Poker account on November 29, 2023; Kennedy opted out of the Global Poker Terms that same day; Kennedy later accepted updated Terms on January 17, 2024, but Defendants did not receive notice of an opt out decision after that date. ECF 28-2, p. 11.

With respect to the Chumba Casino account, based upon the Defendants' own submissions, Plaintiff Kennedy clearly opted out of the Chumba arbitration clause. With respect to the allegation that Plaintiff Kennedy accepted the updated Terms from Luckyland Slots and Global Poker, Kennedy has stated in her declaration that she opted out at each occasion

that updated terms were presented. See attached declaration of Plaintiff, Destiny Kennedy, Exhibit A.

Defendants presented the declaration of Ms. Caterina Cavello (ECF 28-2) to show that Plaintiff Kennedy did not opt out of the latest Luckyland Slots and Global Poker Terms. However, all Ms. Cavello December declared was that Plaintiff Kennedy *would* have been presented with a pop-up notice prompting her to confirm her acceptance. On the other hand, Plaintiff Kennedy provided a declaration that states that she opted out of every update during the period in which she gambled at Defendant's websites. Based upon the evidence -- specifically that Plaintiff Kennedy opted out of each version of Defendants' arbitration clauses, clearly shows that she did not intend to or expect to arbitrate, -- forcing this matter to arbitration would clearly provide a distinct advantage to the Defendants, one that ignores equity. The parties did not agree to arbitrate, and the evidence presented forecloses arbitration.

Without proof, Defendants intimate that each of their updates contain *material* changes. ECF 28-2, p. 4. It is our contention that the allegedly materially changed updated versions of Defendants' Term contain no material changes and are designed only as a ploy to confuse and trick those who have previously opted out

of the Defendants' arbitration clauses. It is outrageous to compel players to re-opt out when opting out players have indicated on multiple occasions that they do not agree to be bound by Defendants' arbitration clauses. It is clear that a party may gamble at Defendants' websites after registering for an account and opting out of the arbitration agreement. It is also clear that Plaintiff Kennedy opted out of all Defendants' arbitration clauses on multiple occasions.

**<u>Conclusion</u>**

Based on the foregoing, Destiny Kennedy, on behalf of herself and all other Georgia citizens similarly situated, respectfully requests that the Court deny VGW Luckyland and VGW GP's Motion to Compel Arbitration.

## RULE 7.1D CERTIFICATE OF TYPE, FORMAT AND FONT SIZE

Under Local Rule 7.1D of the United States District Court for the Northern District of Georgia, the undersigned certifies that this submission to the Court was computer-processed, double-spaced between lines, and prepared with 14-point Times New Roman font.

Dated: November 29, 2024,

Respectfully submitted,

/s/
Barry L. Williams,
Attorney for Plaintiff
Georgia Bar No. 538108
PO Box 1483
Villa Rica, Georgia 30180
404-519-4586
advocatedib@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that I have on this date served the Defendants with the foregoing by efiling using the Court's electronic filing system, which will automatically forward a copy to counsel of record in this matter.

Dated: This 29th day of November 2024.

/s/
Barry L. Williams
Attorney for Plaintiff
Georgia Bar No. 538108
PO Box 1483
Villa Rica, Georgia 30180
404-519-4586
advocatedib@gmail.com