IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DESTINY KENNEDY,<br>On behalf of herself and all<br>Other Georgia citizens similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VGW HOLDINGS LIMITED, VGW MALTA LIMITED, VGW LUCKYLAND INC., and VGW GP LIMITED,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO.<br>1:24-cv-02184-TWT |

**DEFENDANTS VGW LUCKYLAND AND VGW GP'S REPLY IN SUPPORT OF THEIR MOTION TO COMPEL ARBITRATION**

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ........................................................................1

ARGUMENT ........................................................................................................1

A. Plaintiff Accepted the December 2023 Terms .....................................1

B. Plaintiff's Disputed, Evidence-Free Claim that She Opted Out of Arbitration Under the December 2023 Terms is a Question of Arbitrability that the Parties Expressly Delegated to the Arbitrator ........................................................................................3

C. If the Court Considers Arbitrability Itself, the Court Should Compel Arbitration or, Alternatively, Grant Limited Expedited Discovery and Order a Prompt Trial on the Issues of Arbitrability......8

CONCLUSION ....................................................................................................9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*A.B. v. HRB Pro. Res., LLC*,
4:19-cv-00817-HFS, 2020 WL 12675572 (W.D. Mo. Mar. 25, 2020)........5, 6, 7

*Collett v. Ancestry.com DNA LLC*,
19-cv-03743-RS, 2019 WL 13253477 (N.D. Cal. Dec. 19, 2019)...............5, 6, 7

*Mennucci v. Randstad Pros. US, LLC*,
1:19-CV-4693-TWT, 2020 WL 10692705 (N.D. Ga. Aug. 11, 2020) ................2

*Moreland v. 1st Franklin Fin. Corp.*,
2:23-CV-00038-SCJ, 2024 WL 2406858 (N.D. Ga. Apr. 4, 2024) ......................8

*Mumin v. Uber Techs., Inc.*,
239 F. Supp. 3d 507 (E.D.N.Y. 2017).........................................................5, 6, 7

*Parnell v. CashCall, Inc.*,
804 F.3d 1142 (11th Cir. 2015) ......................................................................3, 5

**Statutes**

9 U.S.C. § 4.................................................................................................8

## PRELIMINARY STATEMENT

Plaintiff's opposition confirms that her claims against VGW Luckyland and VGW GP (together, "VGW") must be sent to arbitration. The evidence establishes that, after Plaintiff opted out of arbitration under the November 2023 Terms, she accepted the December 2023 Terms nearly two months later. The December 2023 Terms include an arbitration agreement that expressly delegates all questions of arbitrability to the arbitrator. Plaintiff ***does not challenge the delegation clause***.

Instead, Plaintiff intimates, without evidence, that she opted out of arbitration under the December 2023 Terms. Putting aside that Plaintiff produced no evidence or authority substantiating her bald assertion, Plaintiff's disputed claim that she opted out of arbitration under the December 2023 Terms is a question of arbitrability that the parties expressly and exclusively delegated to the arbitrator. Because Plaintiff has not challenged the delegation clause, the question of whether Plaintiff opted out of arbitration under the December 2023 Terms ***must be decided by an arbitrator***, not this Court. Accordingly, Plaintiff's claims against VGW must be compelled to arbitration and all further proceedings against VGW must be stayed.

## ARGUMENT

### A. Plaintiff Accepted the December 2023 Terms

As VGW demonstrated in its opening brief, Plaintiff opted out of arbitration under the November 2023 Terms in late November 2023, but she then accepted the

December 2023 Terms nearly two months later, in late January 2024, and she never sent VGW an arbitration opt-out notice after accepting the December 2023 Terms. Doc. 28-1 ("OB") at 6-7; *see also* Doc. 28-2 ("Cavallaro Decl.") ¶¶ 23-25, 36-38.

In (falsely) claiming without evidence that she opted out of arbitration under all versions of the Terms presented to her, Plaintiff argues that Ms. Cavallaro's November 14, 2024, declaration only states that Plaintiff "***would*** have been presented with a pop-up notice prompting her to confirm her acceptance" of the December 2023 Terms. *See* Doc. 29 ("Opp'n") at 3 (emphasis in original).

To the extent Plaintiff is implying that she did not accept the December 2023 Terms, her statement—which is not supported by any evidence—is incorrect. VGW's business records confirm that Plaintiff accepted the December 2023 Global Poker Terms on January 17, 2024, at 1:40 (UTC), and accepted the December 2023 Luckyland Terms on January 20, 2024, at 19:03 (UTC). *See* Supplemental Declaration of Caterina Cavallaro in Support of Defendants' Motion to Compel Arbitration, dated November 13, 2024, ¶ 5;[1] *see also* Cavallaro Decl. ¶¶ 24, 37.

[1] This Court can consider Ms. Cavallaro's supplemental declaration, which is offered to rebut Plaintiff's factually incorrect suggestion in her opposition brief that she did not accept the December 2023 Terms. *Mennucci v. Randstad Pros. US, LLC*, 1:19-CV-4693-TWT, 2020 WL 10692705, at *2 (N.D. Ga. Aug. 11, 2020) (considering supplemental reply declaration from defendant that provided time stamps of plaintiffs' acceptance of arbitration agreement, because it was "proffered to directly respond to" plaintiffs' claims that they never accepted the agreement) (Thrash, J.).

## B. Plaintiff's Disputed, Evidence-Free Claim that She Opted Out of Arbitration Under the December 2023 Terms is a Question of Arbitrability that the Parties Expressly Delegated to the Arbitrator

Plaintiff does not dispute that the December 2023 Terms contain an arbitration agreement that expressly delegates all questions of arbitrability to the arbitrator:

> [Y]ou and VGW Group each and both agree to resolve any Disputes ***including any Dispute concerning the enforceability, validity, scope or severability of this agreement to arbitrate through final and binding arbitration*** as discussed herein.

Cavallaro Decl., Exs. B, E § 24.2 (emphasis added); *see also* OB at 5.

Where an arbitration agreement contains a delegation provision and the party resisting arbitration does not challenge the delegation provision specifically, "courts must treat the delegation provision 'as valid under § 2 [of the FAA], and must enforce it under §§ 3 and 4.'" *Parnell v. CashCall, Inc.*, 804 F.3d 1142, 1146-47 (11th Cir. 2015) (quoting *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 72 (2010)).

Here, Plaintiff ***does not challenge the delegation provision***. Instead, Plaintiff submitted a declaration in which she appears to claim, based on nothing but a bald assertion, that she opted out of arbitration under the December 2023 Terms. *See* Doc. 29-1 ¶ 4. It is unclear whether Plaintiff is claiming that she submitted opt-out notices to VGW after accepting the December 2023 Terms, or whether she is contending that her opt-out notices under the November 2023 Terms were legally sufficient also to opt her out of arbitration under the December 2023 Terms that she accepted nearly

two months later.[2] Regardless of which theory Plaintiff is advancing, whether Plaintiff opted out under the December 2023 Terms is a question of arbitrability—particularly the "enforceability" and "validity" of the "agreement to arbitrate" as to Plaintiff's claims in this case—that the parties expressly delegated to the arbitrator.

Plaintiff's assertion, based on nothing but her *ipse dixit*, that VGW updated the Terms to trick players who previously opted out of arbitration (Opp'n at 3-4), is both false and irrelevant. As Ms. Cavallaro stated in her November 14, 2024, declaration, VGW generally updates its Terms two to three times per year, and the December 2023 updates were expressly noticed to users in a pop-up notice that summarized the material changes and provided a hyperlink to the December 2023 Terms. *See* Cavallaro Decl. ¶¶ 13, 24, 37. That Plaintiff chose not to read the changes or opt out of arbitration after accepting the December 2023 Terms does not make them a "trick." In any event, Plaintiff's (meritless) argument is for the arbitrator.

Because Plaintiff has not challenged the delegation clause, her disputed claim that she opted out of arbitration under the December 2023 Terms—which is

[2] VGW has no record of receiving any opt-out notices from Plaintiff after she accepted the December 2023 Terms. *See* Cavallaro Decl. ¶¶ 25, 38. Plaintiff appears to claim in her declaration that she did submit opt-out notices to VGW after accepting the December 2023 Terms (Doc. 29-1 ¶ 4), but she has not produced any such opt-out notices to VGW or this Court, which is telling given that Plaintiff attached her opt-out emails under the November 2023 Terms as an exhibit to her complaint. Compl., Ex. A. Had Plaintiff sent opt-out emails to VGW after accepting the December 2023 Terms, she could and would have submitted them to the Court.

unsupported by any evidence or legal authority—must be decided by the arbitrator, not this Court. *See Parnell*, 804 F.3d at 1146-47; *see also* OB at 9-10 (citing cases granting motions to compel arbitration where there was a dispute over whether purported opt-outs were sufficient to opt out under operative arbitration agreement).

The courts' decisions in *Mumin v. Uber Technologies, Inc.*, 239 F. Supp. 3d 507 (E.D.N.Y. 2017), *A.B. v. HRB Professional Resources, LLC*, 4:19-cv-00817-HFS, 2020 WL 12675572 (W.D. Mo. Mar. 25, 2020), and *Collett v. Ancestry.com DNA LLC*, 19-cv-03743-RS, 2019 WL 13253477 (N.D. Cal. Dec. 19, 2019), are particularly instructive in that they rejected each of Plaintiff's flawed arguments.

In *Mumin*, the plaintiff opted out of arbitration under a prior version of the parties' agreement (the "April 2015 Agreement"), but then accepted an updated version of the agreement (the "December 2015 Agreement"). 239 F. Supp. 3d at 524. The arbitration provision delegated all issues of arbitrability to the arbitrator. *Id*. at 522. The plaintiff argued "that the Arbitration Provision of the December 2015 Agreement d[id] not apply to him because he notified [the defendant] of his intent to opt out of arbitration in the prior April 2015 Agreement." *Id*. at 524. The court disagreed: it held that whether the plaintiff "expressed his intent to opt out of a prior arbitral clause before agreeing to the December 2015 Agreement [was] irrelevant," as the delegation clause vested the arbitrator with the authority to rule on "any

challenge" to the "enforceability, or applicability of the Arbitration Provision," including challenges based on an earlier-expressed intent to opt out. *Id*. at 524-25.

In *HRB Professional Resources*, the plaintiff claimed that he sent the defendant an arbitration opt-out notice, but the defendant countered that "its legal department never received the opt-out form allegedly sent by" the plaintiff. 2020 WL 12675572, at *2. The court granted the defendant's motion to compel arbitration because the parties' arbitration agreement contained a delegation clause, which the plaintiff did not challenge, and therefore "[t]he question of whether [the plaintiff] opted out of the Arbitration Agreement must be decided in arbitration." *Id*. at *3.

Finally, in *Collett*, the arbitration agreement in the terms at issue likewise delegated arbitrability to the arbitrator. 2019 WL 13253477 at *1. The plaintiffs purported to opt out of arbitration, but the defendant disputed the validity of the opt-outs. *Id*. at *2-3. The plaintiffs argued that the validity of the opt-outs was a question for the court, not an arbitrator, because the effectiveness of their purported opt-outs was an issue of contract formation, not arbitrability. *Id*. The court disagreed because "whether plaintiffs successfully opted out of the contract is an issue of contract termination, not formation," and "[i]ssues of termination, unlike issues of formation, fall outside the scope of the district court's jurisdiction under the FAA." *Id*. at *3. "Thus," the court explained, "an arbitrator, not a court, must decide whether the opt-out was valid." *Id*. The court therefore compelled the claims to arbitration. *Id*. at *4.

The same result is required here. The evidence establishes that Plaintiff opted out of arbitration under the November 2023 Terms, but she then accepted the December 2023 Terms nearly two months later. The December 2023 Terms expressly delegate all questions of arbitrability, including the enforceability and validity of the arbitration agreement as to Plaintiff's claims here, to the arbitrator.

To the extent Plaintiff contends that her opt-outs under the November 2023 Terms were legally sufficient also to opt her out of arbitration under the December 2023 Terms, that is a question for the arbitrator, not this Court. *See Mumin*, 239 F. Supp. 3d at 524-25. To the extent Plaintiff is claiming, without evidence, that she sent VGW opt-out notices after accepting the December 2023 Terms (she did not), that too is a question for the arbitrator, not this Court. *See HRB Pro. Res.*, 2020 WL 12675572, at *3. Finally, Plaintiff did not argue that whether she opted out under the December 2023 Terms is a question of contract formation that must be decided by this Court. But even if she had, that argument would be incorrect because the validity and effect of Plaintiff's purported opt-outs is a question of arbitrability that the parties expressly delegated to the arbitrator. *See Collett*, 2019 WL 13253477, at *3.

Accordingly, pursuant to the express delegation clause in the arbitration agreement, Plaintiff's claims against VGW must be compelled to arbitration and this action must be stayed as to VGW. *See supra* at 3-7; *see also* OB at 7-10.

### C. If the Court Considers Arbitrability Itself, the Court Should Compel Arbitration or, Alternatively, Grant Limited Expedited Discovery and Order a Prompt Trial on the Issues of Arbitrability

Even if the Court disregards the delegation clause and decides arbitrability itself (which VGW respectfully submits would be error), the Court should compel Plaintiff's claims to arbitration because Plaintiff has not raised a genuine dispute of fact regarding her acceptance of the December 2023 Terms or the arbitrability of her claims. *See supra* at 2-4. Indeed, the ***uncontroverted evidence establishes that Plaintiff accepted the December 2023 Terms*** (*compare* Cavallaro Decl. ¶¶ 24, 37, *and* Cavallaro Supp. Decl. ¶ 5, *with* Doc. 29-1 ¶ 4), ***and she did not send VGW any opt-out notices after accepting the December 2023 Terms*** (*compare* Cavallaro Decl. ¶¶ 25, 38, *with* Doc. 29-1 ¶ 4). *See Moreland v. 1st Franklin Fin. Corp.*, 2:23-CV-00038-SCJ, 2024 WL 2406858, at *4 (N.D. Ga. Apr. 4, 2024) (compelling claims to arbitration because plaintiffs failed to raise a "genuine dispute of fact" as to their agreement to arbitrate where defendant submitted "an uncontroverted declaration" confirming that plaintiffs accepted the arbitration agreement at issue).

But even if the Court were to find there is a genuine dispute of fact as to whether Plaintiff accepted the December 2023 Terms or opted out of arbitration under the December 2023 Terms (there is not), the Court should permit limited expedited discovery and order an immediate trial on those issues. *See* 9 U.S.C. § 4

("If the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof.").

## CONCLUSION

For the reasons set forth above and in VGW's opening brief, this Court should compel Plaintiff's claims against VGW Luckyland and VGW GP to arbitration and stay all further proceedings against them in this Court pending arbitration.

Dated: December 13, 2024

Respectfully submitted,

/s/ *Michael A. Sullivan*
Michael A. Sullivan
Georgia Bar No. 691431
Nicole Archambault
Georgia Bar No. 222686
FINCH McCRANIE, LLP
229 Peachtree St. NE, Suite 2500
Atlanta, Georgia 30303
Tel: (404) 658-9070
msullivan@finchmccranie.com
narchambault@finchmccranie.com

*Attorneys for Defendants VGW Holdings Ltd., VGW Malta Ltd., VGW Luckyland Inc., and VGW GP Ltd.*

OF COUNSEL:

Gregory D. Beaman (*pro hac vice*)
Orrick, Herrington & Sutcliffe LLP
51 West 52nd Street
New York, NY 10019-6142
Tel: (212) 506-5000
gbeaman@orrick.com

Behnam Dayanim (*pro hac vice*)
Orrick, Herrington & Sutcliffe LLP
2100 Pennsylvania Avenue NW
Washington, D.C. 20037
Tel: (202) 339-8613
bdayanim@orrick.com

**RULE 7.1D CERTIFICATE OF TYPE, FORMAT AND FONT SIZE**

Under Local Rule 7.1D, the undersigned certifies that this submission to the Court was computer-processed, double-spaced between lines, and prepared with 14-point Times New Roman font.

*/s/ Michael A. Sullivan*

**CERTIFICATE OF SERVICE**

I hereby certify that I have on December 13, 2024, served the within and foregoing document by efiling using the Court's electronic filing system, which will automatically forward a copy to counsel of record in this matter.

*/s/ Michael A. Sullivan*
Michael A. Sullivan
Georgia Bar No. 691431
Nicole Archambault
Georgia Bar No. 222686
FINCH McCRANIE, LLP
229 Peachtree St. NE, Suite 2500
Atlanta, Georgia 30303
Tel: (404) 658-9070
msullivan@finchmccranie.com
narchambault@finchmccranie.com

*Attorneys for Defendants VGW Holdings Ltd., VGW Malta Ltd., VGW Luckyland Inc., and VGW GP Ltd.*