IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DESTINY KENNEDY, On behalf of herself and all Other Georgia citizens similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> VGW HOLDINGS LIMITED, VGW MALTA LIMITED, VGW LUCKYLAND INC., and VGW GP LIMITED, <br><br> Defendants. | CIVIL ACTION NO. 1:24-cv-02184-TWT |

**DEFENDANTS' MOTION FOR LEAVE TO SUBMIT**
**NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants VGW Holdings Ltd. ("VGW Holdings"), VGW Malta Ltd. ("VGW Malta"), VGW Luckyland, Inc. ("VGW Luckyland"), and VGW GP Ltd. ("VGW GP") (collectively, "VGW Group"), respectfully move for leave to submit the attached decision of the United States District Court for the Middle District of Florida, issued on February 6, 2025, in the action captioned *Knapp v. VGW Holdings Ltd., et al.*, No. 6:24-cv-00413-CEM-DCI, as supplemental authority in support of VGW Group's pending motion to dismiss or transfer this action. Doc. 27. The plaintiff in *Knapp* is represented by the same counsel representing Plaintiff here.

1

VGW Group's motion in this case seeks, first and foremost, to dismiss the complaint for lack of personal jurisdiction. *See* Doc. 27-1 at 8-14; *see also* Doc. 34 at 2-3. Personal jurisdiction was not at issue in *Knapp*.

VGW Group's motion in this case also seeks, in the alternative, an order (1) transferring the claims against VGW Luckyland (and the related claims against VGW Holdings) to Delaware, pursuant to the mandatory Delaware forum selection clause in the Luckyland Slots Terms of Service, and (2) dismissing the claims against VGW Malta and VGW GP (and the related claims against VGW Holdings), pursuant to the mandatory Malta forum selection clause in the Chumba Casino and Global Poker Terms and Conditions. *See* Doc. 27-1 at 14-31; *see also* Doc. 34 at 4-15.

In *Knapp*, VGW Group filed a materially identical motion to transfer, in part, and otherwise dismiss that action pursuant to the same mandatory Delaware and Malta forum selection clauses. The *Knapp* court granted VGW Group's motion, finding that the forum selection clauses are enforceable and rejecting the same arguments Plaintiff makes here with respect to the alleged unenforceability of the forum selection clauses. *See* **Exhibit A** at 14-25.

The *Knapp* court's decision, issued on February 6, 2025, was unavailable to VGW Group when they filed their reply brief on December 13, 2024. Doc. 34.

Dated: February 10, 2025

OF COUNSEL:

Gregory D. Beaman (*pro hac vice*)
Orrick, Herrington & Sutcliffe LLP
51 West 52nd Street
New York, NY 10019-6142
Tel: (212) 506-5000
gbeaman@orrick.com

Behnam Dayanim (*pro hac vice*)
Orrick, Herrington & Sutcliffe LLP
2100 Pennsylvania Avenue NW
Washington, D.C. 20037
Tel: (202) 339-8613
bdayanim@orrick.com

Respectfully submitted,

/s/ *Michael A. Sullivan*
Michael A. Sullivan
Georgia Bar No. 691431
Nicole Archambault
Georgia Bar No. 222686
FINCH McCRANIE, LLP
229 Peachtree St. NE, Suite 2500
Atlanta, Georgia 30303
Tel: (404) 658-9070
msullivan@finchmccranie.com
narchambault@finchmccranie.com

*Attorneys for Defendants VGW Holdings Ltd., VGW Malta Ltd., VGW Luckyland Inc., and VGW GP Ltd.*

## **RULE 7.1D CERTIFICATE OF TYPE, FORMAT AND FONT SIZE**

Under Local Rule 7.1D of the United States District Court for the Northern District of Georgia, the undersigned certifies that this submission to the Court was computer-processed, double-spaced between lines, and prepared with 14-point Times New Roman font.

*/s/ Michael A. Sullivan*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of February 2025, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will automatically serve all counsel of record.

/s/ Michael A. Sullivan